BROGDEN, J., dissenting. *Page 825 
The applicant, Fred J. Guerin, was arrested and held in custody by the chief of police of the city of High Point, N.C. under and by virtue of an extradition warrant issued by the Governor of North Carolina, on 13 October, 1933. The warrant was issued at the request of the Governor of Virginia, who certified to the Governor of North Carolina that the said Fred J. Guerin was charged in a criminal warrant issued by the judge of the Juvenile and Domestic Relations Court of Henry County, Virginia, on 11 October, 1933, with the crime of desertion and nonsupport of his wife, in said county and State, "on the ........ day of ..................., 1933."
After his arrest, and while he was held in custody by the chief of police of the city of High Point, the said Fred J. Guerin applied to the Honorable J. Hoyle Sink, judge of the Superior Court for the 12th Judicial District of North Carolina, for a writ of habeas corpus. In his petition for said writ, he denied that he is a fugitive from the justice of the State of Virginia, and specifically alleged that he was not in said State at the date of the alleged crime, but that at said date he was in the State of North Carolina.
At the hearing of the petition for a writ of habeas corpus, the petitioner requested the judge to order the attorney for the State of Virginia to file a bill of particulars, showing the date on which it was alleged that he had deserted his wife in the State of Virginia. In response to this request, the said attorney filed a paper-writing in the proceeding in which it is alleged that the crime charged in the warrant was committed on 5 July, 1933. The petitioner then introduced as evidence a warrant issued by the judge of the Juvenile and Domestic Relations Court of Henry County, Virginia, dated 18 September, 1933, for the arrest of Fred J. Guerin on the charge that on ........ day of September, 1933, the said Fred J. Guerin unlawfully and intentionally deserted his wife, Gertrude Guerin, and thereafter failed and refused to support her. All the evidence at said hearing showed that the petitioner, Fred J. Guerin, was in the State of Virginia on 5 July, 1933; that he left said State and came to the State of North Carolina, on said day; and that he has been in the State of North Carolina continuously from and since said date.
Judge Sink found from all the evidence at the hearing of the petition for a writ of habeas corpus, (1) that the petitioner, Fred J. Guerin, is now duly and regularly charged in the State of Virginia with the *Page 826 
crime of desertion and nonsupport of his wife in Henry County, said State; (2) that at the time of his arrest under the warrant of extradition issued by the Governor of North Carolina, at the request of the Governor of Virginia, the said Fred J. Guerin was a fugitive from the justice of the State of Virginia; and (3) that the said Fred J. Guerin is now in the lawful custody of the respondent, the chief of police of the city of High Point.
On these findings of fact, the petition for a writ of habeas corpus was denied. The petitioner excepted, and thereafter applied to the Supreme Court for a writ of certiorari, as a substitute for an appeal by him from the order of Judge Sink denying his petition for a writ of habeas corpus, C.S., 630. The application was allowed.
It is well settled by authorities in this and other jurisdictions that where a person who has been arrested and is held in custody under an extradition warrant issued by the Governor of the State in which he was arrested, applies to a judge of said State for a writ of habeas corpus, on the ground that his arrest and detention is unlawful, and at the hearing of his application, admits that he is the person named in the warrant, and that he is properly charged with an extraditable crime in the demanding state, the only question to be determined by the judge is whether at the date of his arrest he was a fugitive from the justice of the demanding state. If the evidence shows that he was in the demanding state at the date on which it is alleged that the crime was committed, and the judge so finds, there is no error in an order denying his petition for a writ ofhabeas corpus on the ground, solely, as in the instant case, that the petitioner was not a fugitive from justice, at the date of his arrest. SeeIn re Bailey, 203 N.C. 362, 166 S.E. 165. In accordance with this principle, the order in the instant case must be
Affirmed.