STATE v. CARL McKNIGHT.

(Filed 27 November, 1946.)

**1. Criminal Law § 79—**

Exceptions not set out in appellant's brief are deemed abandoned. Rules of Practice in Supreme Court Nos. 21 and 28.

**2. Criminal Law § 53f—**

 A charge that ". . . and the State contends that the evidence in the case" is sufficient to establish guilt beyond a reasonable doubt and that upon the testimony of the main witness for the State "and other evidence which corroborates this testimony" the jury should return a verdict of guilty, will not be held for error as an expression of opinion that "the other evidence" did corroborate the witness since it is clear that both phrases related to the statement of contentions of the State.

**3. Criminal Law § 78e (2)—**

 Alleged error in the statement of contentions upon evidence introduced during the trial must be brought to the trial court's attention in apt time in order for an exception thereto to be considered on appeal. *S. v. Wyont,* 218 N. C., 505, cited and distinguished in that the statement of contentions in that case was not based on evidence adduced at the trial.

APPEAL by defendant from *Phillips, J.,* at February Term, 1946, of CALDWELL.

The appealing defendant, Carl McKnight, was indicted, together with Harold Carlton and William M. Dean, under a bill of indictment containing three counts, namely, (1) unlawfully, willfully and feloniously a certain building, to wit: United States Post Office of Kings Creek, North Carolina, and then and there occupied by the Post Office Department of the United States Government, wherein goods, moneys, bonds and other valuable securities were kept, did break and enter with the intent then and there to steal, take and carry away, and did open, or attempt to open a vault, safe or other secure place therein by the use of nitroglycerin, dynamite, or other explosives, and (2) the said Carl McKnight, Harold Carlton and William M. Dean unlawfully and willfully and feloniously cash, war bonds, and stamps, goods, chattels, money of the United States Post Office, did steal, take and carry away, and (3) that said Harold Carlton, William M. Dean and Carl McKnight unlawfully, willfully and feloniously the aforesaid property before feloniously stolen, taken and carried away, feloniously did receive and have, then and there well knowing the aforesaid property to have been feloniously taken, stolen and carried away.

The defendant Harold Carlton tendered a plea of guilty and was used as a State's witness against the appealing defendant McKnight, and the defendant William M. Dean at the close of all the evidence entered a plea of guilty. The court withdrew the charge in the third count of the bill, namely, that of feloniously receiving stolen goods, knowing them to have been stolen. There was, therefore, submitted to the jury only the charges against the defendant Carl McKnight for breaking and entering a building with the intent to commit a felony therein, and for the larceny of certain property.

The jury returned a verdict as to Carl McKnight of "guilty as charged in the bill of indictment," whereupon the court pronounced judgment on said defendant McKnight of imprisonment of 25 to 35 years in the State Central Prison, to which judgment the defendant McKnight preserved exception and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*Elledge & Hayes for defendant McKnight, appellant.*

SCHENCK, J. The only assignment of error set out in appellant's brief is of Exception No. 31, page 45 of the Record (erroneously referred to in said brief as Exception No. 29), which exception is to that portion of the charge reading as follows: ". . . and the State contends that the evidence in this case is not sufficient to raise in your minds a reasonable doubt of his (defendant) guilt, and that upon the evidence of Harold Carlton, *and other evidence which corroborates his testimony,* that you should return a verdict of guilty on the first two counts. The defendant, on the other hand, insists that your verdict should be one of not guilty, and that you fail to find from the evidence and beyond a reasonable doubt that he was implicated in any respect or in any way in this crime." Since no other exceptions are set out in appellant's brief, they are deemed abandoned, Rules 21 and 28, Rules of Practice in the Supreme Court, 221 N. C., 558.

It is contended by the appellant that the court, in violation of G. S., 1-180, expressed an opinion that there was corroborative evidence, and this contention presents the sole question posed, namely, Did the court in the excerpt quoted err in expressing an opinion as to whether an essential element had been sufficiently proved? We think the answer is in the negative. While we are of the opinion that the conviction of the appellant rested largely, if not entirely, upon the testimony of appellant's accomplice and any evidence tending to corroborate this testimony was competent upon the prosecution's case, however, it is contended by the State that if error was committed in this excerpt from the charge, it was committed in the statement of contentions, and since exception was not taken thereto at the time the charge was delivered, in order to give the court opportunity to correct such error after it was called to the court's attention, any error committed was waived and cannot avail appellant on appeal. The contention that the words constituted an expression of opinion upon the proof of essential elements of the crime charged is untenable for the reason that they do not warrant such a conclusion. The court was stating the contentions of the State. The statement begins with the words "and the State contends that." The immediate antecedent clause "and that upon the evidence of Harold Carlton" is joined

to the one in question by the conjunction "and." Very clearly both clauses relate back to the introductory and controlling phrase "and the State contends that." As a matter of fact the whole paragraph is a statement beginning with the phrase "The State contends further that."

However, the appellant relies upon the case of *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473, and contends that there was no waiver of relief from the failure to call the alleged error to the court's attention at the time it was committed. We think the charge of the court in the *Wyont case* and the charge in the instant case are distinguishable. In the *Wyont case* the record fails to disclose any evidence on which to base the contention given and for this reason largely the giving of the contention was held for error, whereas in the instant case the corroborative evidence material to the issue was placed before the jury, it having been introduced and opportunity having been given to answer it and in any way to meet it.

The defendant, appellant McKnight, appears to have been given a trial in which no error prejudicial to him is made to appear, therefore the judgment of the lower court must be affirmed.

No error.