IN RE McKNIGHT (STATE v. McKNIGHT).

(Filed 13 October, 1948.)

### 1. Burglary § 14—

Burglary with explosives is punishable as for burglary in the second degree, which is by imprisonment for life or for a term of years in the discretion of the court.  G. S., 14-57; G. S., 14-52.

### 2. Criminal Law § 81 (c) 4—

Defendant cannot be prejudiced by an inadvertence relating to a count, the punishment for which is not in excess of that imposed on another count upon which alone judgment was entered.

### 3. Habeas Corpus § 8—

Where *habeas corpus* is issued on the ground that the punishment imposed was in excess of that permitted by law, and it appears that the punishment imposed was within the statutory limits, petition for *certiorari* for review of the judgment on the return of the writ of *habeas corpus* will be dismissed, since review could avail petitioner naught.

In re McKnight.

Petition by Carl McKnight for *certiorari* to review judgment on return to writ of *habeas corpus.* Petition filed 23 September, 1948.

*No counsel for petitioner.*

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*R. Brooks Peters, Jr., for State Highway and Public Works Commission.*

Stacy, C. J. The petitioner was convicted at the February Term, 1946, Caldwell Superior Court, of burglary with explosives and larceny. The judgment imposed was, that he be confined in the State's Prison at hard labor for not less than 25 nor more than 35 years. The validity of the trial was upheld on appeal at the Fall Term, 1946, reported 27 November, *S. v. McKnight,* 226 N. C., 766, 40 S. E. (2d), 413.

Thereafter, at the January Term, 1947, Caldwell Superior Court, the petitioner moved for a new trial on the ground of newly discovered evidence. After hearing duly held, this motion was denied. The petitioner was thereupon committed to the Central Prison at Raleigh, where he has since been serving his sentence.

In July, 1948, he applied to the resident judge of the Seventh Judicial District, Honorable W. C. Harris, for a writ of *habeas corpus,* which was issued and heard, and judgment entered upon return thereof, 22 July, 1948, remanding the prisoner to the custody of the Prison authorities.

The petitioner applies here for *certiorari* to review the judgment on return to the writ of *habeas corpus,* alleging that his sentence is in excess of that allowed by law. *S. v. Lawrence,* 81 N. C., 522; *S. v. Green,* 85 N. C., 600. The petitioner seems to think that he was tried for a non-burglarious breaking and entering in violation of G. S., 14-54, under which he could not be imprisoned for more than 10 years in the State's Prison. In this he is mistaken. He was convicted of burglary with explosives—the first and only count in the bill pertaining to breaking and entering the Post Office at Kings Creek.

It is provided by G. S., 14-57, that a conviction of burglary with explosives shall be punishable as for burglary in the second degree, as provided in G. S., 14-52. Under this latter statute, burglary in the second degree is punishable by imprisonment in the State's Prison for life, or for a term of years, in the discretion of the court.

It is recited in the judgment on return to the writ of *habeas corpus* that the prisoner was convicted on all three counts in the bill of indictment, and the record certified to the Prison authorities shows this to be so. But, on the trial, the third count in the bill was withdrawn from

MacClure v. Casualty Co.

the jury's consideration as appears in the case reported in 226 N. C., 766, 40 S. E. (2d), 413. However, no harm has resulted from the inadvertence, as only one judgment was entered, which was on the first count.

It could avail the petitioner naught to review the judgment on return to the writ of *habeas corpus*. *In re Steele*, 220 N. C., 685, 18 S. E. (2d), 132; *In re Taylor, ante*, 297. Hence, his petition will be dismissed.

*Certiorari* denied.