## DELIA M. CHILDS v. J. G. WISEMAN.

*Practice—Contempt—Disobedience of Order of Court—Ability of Party to Comply with Order—Motion to Dissolve Order—Judge, Duty of.*

1. Where a party to an action, having been directed to perform an order of the court, otherwise to be in contempt, applied, after notice, to have the order discharged, and offered to produce affidavits showing his inability to comply with the order, it was the duty of the judge to hear and pass on the affidavits.

2. Where an order adjudging a party to be in contempt of court unless he should perform what was therein directed to be done was not appealed from, it will not be reviewed on an appeal from the refusal of the judge below to hear affidavits on a motion to discharge the party for contempt because of his inability to perform the order, unless to correct what may appear plainly to be erroneous.

3. Where a defendant was ordered to furnish the boundaries for a survey of the land involved in the action, and to execute and deliver a warranty deed to the plaintiff, his refusal to obey the order renders him liable to imprisonment for contempt.

119—32

4. Where, in an action to recover land, the title was adjudged to be in plaintiff, it was error in the court to order the defendant's wife, who claimed the land and was not a party, and her tenant to surrender possession in ten days, otherwise to be in contempt of court, since that would be depriving a person of property without process of law or trial.

PROCEEDING FOR CONTEMPT, heard before *Timberlake, J.,* at Spring Term, 1895, of McDOWELL Superior Court. The facts appear in the opinion of Associate Justice FURCHES.

*Mr. W. C. Newland,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant (appellant).

FURCHES, J.: This is a proceeding in contempt before *Timberlake, J.,* and appeal by the defendant. The order of contempt was made during the Spring Term, 1895, of McDowell superior court, from which order there was no appeal. On the 18th March, 1895, the defendant gave plaintiff notice that he would move before *Timberlake, J.,* on the 23d of said month at Morganton, to be discharged from the order of contempt for the reason that he was not able to comply with the same. In pursuance to the notice, the parties and their attorneys appeared before *Judge Timberlake,* at the time and place named in the notice, when the defendant admitted that he had not complied with the order made at McDowell, but proposed to show by his affidavit that he could not do so. The order at McDowell had given the defendant ten days to comply with the requirements of the order. And when defendant admitted that he had not complied with the order the judge refused to hear his affidavit, intended, as defendant insisted, to show that he could not do so.

CHILDS v. WISEMAN.

This, it seems to us, the judge should have done. *Code*, Sec. 500. But defendant has had these affidavits certified to the "clerk of this Court," and at *the request of defendant* we allowed them to be read and have examined them ourselves. They fail to show that defendant had complied with that part of the order that it was within his power to do, to make a deed to the land mentioned in the original decree.

The order made at McDowell not having been appealed from, we cannot review it in this appeal further than to correct what appears upon the order itself to be plainly erroneous. This being so, it appears to us to have been manifest error for the court to require Mrs. Wiseman, who is not a party to the action, and her tenant to surrender possession of the land, adjudged by a decree in this cause to belong to Delia M. Childs, within ten days. This would be to take land of which Mrs. Wiseman claims to be the owner without process of law or trial, so far as she is concerned. But there is no reason why the defendant should not comply with the terms of the original decree in furnishing the boundaries for a survey of this land, and that he should make and execute a deed to the fee-simple estate in said land, with full covenants of warranty and seizin in himself, to the plaintiff, and he is liable to be imprisoned for contempt in refusing to do this until it is done. *Cromartie* v. *Commissioners*, 85 N. C., 211. The judgment appealed from, modified as above indicated, is affirmed.

Modified and Affirmed.

AVERY, J., did not sit on the hearing of this case.