## IN THE MATTER OF LEE CROOM.

### (Filed 1 May, 1918.)

**1. Habeas Corpus—Appeal and Error—Certiorari—Court's Discretion.**

Appeal to the Supreme Court will not lie from the refusal of a Superior Court judge to discharge the defendant from custody in proceedings in *habeas corpus*, the remedy being by a petition for a writ of *certiorari* which is addressed to the sound discretion of the Supreme Court.

**2. Habeas Corpus—Judgments—Collateral Attack—Statutes.**

Where the petitioner in *habeas corpus* proceedings directed to a Superior Court judge has previously been convicted in that court of an offense of which it had jurisdiction, and accordingly sentenced to imprisonment under a final order, the judgment imports verity and evidence to collaterally impeach it is incompetent, and the application to prosecute the writ will be denied. Revisal, sec. 1832.

**3. Habeas Corpus—Certiorari.**

A petition for *certiorari* in the Supreme Court will be denied in *habeas corpus* proceedings when it appears therefrom that the prisoner is not entitled to his discharge.

This is a petition for a *certiorari*, in lieu of an appeal, to review a judgment of *Lyon, J.*, on a writ of *habeas corpus*, refusing to discharge the defendant from custody.

The facts set forth in the petition are as follows:

1. At January Term, 1915, of the Superior Court of Pender, the petitioner, Lee Croom, entered a plea of guilty to an indictment charging him with an assault with a deadly weapon, and he was sentenced to a term of imprisonment of six months in jail and assigned to work on the public roads of Sampson County, capias to issue on 15 February, 1915.

2. The capias was issued on said judgment on 15 February, 1915, but the petitioner was not arrested thereunder.

3. That at March Term, 1917, of said Court, it being made to appear that the petitioner had served no part of his term of imprisonment, and was at large, another capias issued and the defendant was arrested and began his term of imprisonment.

4. That the petitioner thereupon sued out a writ of *habeas corpus* before *Bond, J.,* which was duly heard, but no order or judgment was rendered thereon although the petitioner was not required to begin serving his term.

5. That thereafter another capias was issued against the defendant and he was taken into custody, and he then applied for the writ of *habeas corpus* before *Lyon, J.,* who, after hearing the matter, refused to discharge the petitioner, holding that he was lawfully in custody under the judgment of January Term, 1915.

6. That the petitioner thereupon offered to appeal from the said judgment of *Judge Lyon,* but he was refused this right, upon the ground that his remedy to review his judgment was by *certiorari,* and thereupon this petition for *certiorari* has been filed in this Court.

*McClammy and Burgwin for petitioner.*
*J. S. Manning, Attorney General, and R. H. Sykes, Assistant Attorney General, for the State.*

ALLEN, J. His Honor held correctly that an appeal would not lie from his judgment refusing to discharge the defendant from custody (*In re Holley,* 154 N. C., 163), and the remedy, if any, is by a petition for a writ of *certiorari,* which is addressed to the sound discretion of the Court. *Ice Co. v. R. R.,* 125 N. C., 17.

If this was not the rule, the criminal law could not be administered, and it would be with difficulty that any judgment of imprisonment could be executed, as the writ of *habeas corpus* always issues when legally applied for, because the statute (Revisal, sec. 1828) subjects a judge who refuses to entertain the petition to a penalty of $2,500, and if his judgment can be reviewed by appeal, or if the *certiorari* issues as of right, the sentence of imprisonment might be suspended indefinitely between the Superior and the Supreme Court.

We must then examine the petition for the *certiorari,* and when we do so we find that the petitioner is in custody under a judgment of the Superior Court, which has never been performed, and which was regularly entered in a criminal action of which the court had jurisdiction, and that this judgment has not been set aside or modified.

The power to enter the judgment is not contested, and when this power is conceded, it follows that the petitioner was not entitled to be discharged, as the Revisal, sec. 1822, provides that application to prosecute the writ of *habeas corpus* shall be denied "2. Where persons are committed or detained by virtue of the final order, judgment, or decree of a competent tribunal of civil or criminal jurisdiction."

The judgment as entered upon the record imports verity and neither

*Judge Bond* nor *Judge Lyon* had authority to hear evidence in a collateral proceeding tending to impeach it, nor could they refuse to deal with it as valid and binding, and their action in the premises was controlled by this principle.

The practice upon petitions for the writ of *habeas corpus* is stated very clearly and accurately by *Justice Hoke* in the *Holley case,* in which he says, at p. 169: "It would produce inextricable confusion to permit one judge of equal and concurrent jurisdiction to question and interfere with the final judgments of another or to deal with such hearings on any other principle. And in determining this question of power the court is confined, as heretofore stated, to the record proper and the judgment itself. It is not permitted that the testimony or the rulings therein should be examined into, nor that matters fairly in the discretion of the presiding judge should be reviewed, or that judgments erroneous in the ordinary acceptation of the term should be questioned. The hearing is confined to the record and judgment, and relief may be afforded only when on the record itself the judgment is one clearly and manifestly beyond the power of the court, a statement of the doctrine supported in numerous and authoritative decisions here and elsewhere. *Ex parte McCown,* 139 N. C., 95; *In re Schenck,* 74 N. C., 607; *In re Swan,* 150 U. S., 637; *In re Coy,* 127 N. C., 731."

The petition for the *certiorari* is, therefore, denied because it appears upon the face of the petition that the petitioner is not entitled to his discharge.

Petition denied.