### In re BLANCHE McCADE.

#### (Filed 29 March, 1922.)

**Habeas Corpus—Appeal and Error—Certiorari—Courts—Discretion.**

> An appeal will not lie upon the refusal of the judge, in *habeas corpus* proceedings, to release a prisoner from custody upon the ground that the judgment ordering her imprisonment was invalid, such procedure being only allowable when concerning the care and custody of children and otherwise by application for a writ of *certiorari,* the granting of which rests on the sound discretion of the court.

HABEAS CORPUS proceedings, heard and determined on petition of Blanche McCade, before *Bond, J.,* at Raleigh, N. C., on 30 November, 1921.

The court entered judgment denying the prayer of the petitioner and remanding her to custody, whereupon petitioner excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Charles U. Harris for petitioner.*

HOKE, J. It appears that the petitioner, Blanche McCade, being imprisoned in the common jail of Wake County under a sentence in a criminal action, sued out the writ of *habeas corpus,* alleging the invalidity of the judgment against her for causes specified. His Honor, on inspection of the record, and other evidence offered, being of opinion that petitioner was under a lawful sentence, entered judgment in denial of the prayer of the petitioner and that she be remanded to jail.

It is the law of this State that except in cases concerning the care and custody of children, no appeal lies from a judgment in *habeas corpus* proceedings, but the same must be reviewed, if at all, on writ of *certiorari,* duly applied for and resting in the sound discretion of the court. *In re Lee Croom,* 175 N. C., 455; citing *Ice Co. v. R. R.,* 125 N. C., 17, and *In re Holley,* 154 N. C., 163.

In deference to these and other like decisions, we must hold that the appeal of the petitioner be dismissed.

Appeal dismissed.