STATE v. CHARLES F. EDWARDS.

(Filed 20 October, 1926.)

**1. Habeas Corpus—Certiorari—Appeal and Error.**

An appeal will not lie in proceedings in *habeas corpus,* except in cases concerning the care and custody of children, and the procedure is by petition for a writ of *certiorari.*

**2. Criminal Law—Judgment Suspended — Good Behavior — Conditions Broken.**

The trial judge may suspend judgment upon conviction of the defendant of a criminal offense, upon condition of good behavior, etc., and subsequently impose and effectuate the sentence upon finding that the defendant had broken the condition.

**3. Appeal and Error—Waiver—Certiorari—Habeas Corpus.**

Where the court below of record has erroneously denied the right of appeal to the convicted defendant in a criminal action, he waives this right by failing to apply for a writ of *certiorari,* and by instituting proceedings in *habeas corpus.*

21—192

**4. Habeas Corpus—Certiorari—Judgments—Courts—Void Judgments.**

The appellate court in *habeas corpus* proceedings may not act as one of error and review on appeal, and the question on review on defendant's behalf, is whether the judgment in question was void because unlawfully entered.

**5. Habeas Corpus—Certiorari—Supreme Court—Record.**

Upon the application for a writ of *certiorari* to review a judgment entered in proceedings for *habeas corpus*, the case will be decided upon the records, and the Supreme Court will not consider any extraneous matters or circumstances.

**6. Same—Judgments.**

Matters set forth in the writ for a *habeas corpus* as having occurred on a trial, will not be considered on appeal to the Supreme Court when contrary to a statement of fact set out in the judgment reviewed or case settled.

PETITION for *certiorari*, in lieu of appeal, to review judgment of *Calvert, J.*, rendered 20 May, 1926, at Wilson, N. C., on return to writ of *habeas corpus*, refusing to discharge the defendant from custody.

*A. O. Dickens, O. P. Dickinson and M. S. Strickland for petitioner. Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

STACY, C. J. The defendant's petition made to this Court for a *certiorari*, contains allegations which, if supported by the record, it was thought, might have brought the case under the principle announced in *S. v. Hilton*, 151 N. C., 687. For this reason, and as no appeal lies from a judgment in a *habeas corpus* proceeding, except in cases concerning the care and custody of children, the writ was allowed. *In re McCade*, 183 N. C., 242; *In re Croom*, 175 N. C., 455.

The record sent up in response to the *certiorari* shows the following facts:

1. At the September Term, 1925, general county court of Wilson County, Charles F. Edwards was charged, in No. 412 as it appears on the minute docket of said court with a violation of the prohibition law. He entered a plea of guilty, and it was "adjudged by the court that he be imprisoned in jail twelve months and assigned to work on the public roads of Wilson County. Judgment suspended on payment of costs."

2. At the May Term, 1926, the following entry was made in the same case, No. 412, as it appears on the minute docket of said general county court of Wilson County: "Whereas, at this term, upon trial duly had before a jury empaneled, and the jury having found the

defendant guilty of illegal possession of liquor for purpose of sale and resisting an officer, it is now found by the court that the defendant has not complied with conditions of the suspended sentence pronounced in said case, from which no appeal was taken, that it now be revoked and it is adjudged by the court that the defendant be imprisoned in jail twelve months and he is assigned to work on the public roads of Wilson County."

3. The defendant appealed to the Superior Court from the judgments entered in the two cases tried at the May Term, 1926, general county court of Wilson County, and also asked that he be allowed to appeal from the order and judgment entered at that term in No. 412. The judge ruled that he could not appeal in the last named case and refused to allow the same. He was accordingly committed to the custody of the sheriff, and began the service of his sentence.

4. The defendant then applied to his Honor, T. H. Calvert, Judge Presiding at the May Term, 1926, Wilson Superior Court, for a writ of *habeas corpus* to have the lawfulness of his detention and imprisonment inquired into and determined. The judgment entered in the *habeas corpus* proceeding finds that "the imprisonment and restraint of the petitioner, Charles F. Edwards, is valid and lawful," hence the petition was denied. The correctness of this judgment is the question now under review.

The practice of suspending judgments upon convictions in criminal cases, on terms that are reasonable and just, has so long prevailed in our courts of general jurisdiction that it may now be considered as settled and a part of the permissible procedure in such cases. *S. v. Shepherd,* 187 N. C., 609; *S. v. Phillips,* 185 N. C., 620; *S. v. Vickers,* 184 N. C., 677; *S. v. Strange,* 183 N. C., 775; *S. v. Hardin,* 183 N. C., 815; *S. v. Hoggard,* 180 N. C., 678; *S. v. Greer,* 173 N. C., 759; *S. v. Everett,* 164 N. C., 399; *S. v. Hilton,* 151 N. C., 687.

The question here presented was decided in *S. v. Crook,* 115 N. C., 760, where it was held that a sentence might be imposed, for breach of condition, on a judgment previously suspended on payment of costs. Speaking to the question again in *S. v. Griffis,* 117 N. C., 709, *Avery, J.,* said: "We have had occasion in *S. v. Crook,* 115 N. C., 763, to comment upon the fact that the practice adopted in the courts of this State of suspending judgment upon the payment of cost is a peculiar one, for which we have searched in vain for precedents elsewhere. Indeed, it has proved difficult to find adjudications in other courts furnishing any analogies which would aid us in reaching a conclusion as to the force and effect of such order. It appears, however, that a practice somewhat similar had prevailed for many years in the courts of Massachusetts before it received the legislative sanction by enactment into a statute.

*Commonwealth v. Dondican,* 115 Mass., 136. But that Court and those of Florida and Mississippi *(Gibson v. State,* 68 Miss., 241; *Ex ·parte Williams,* 25 Fla., 310), where the Massachusetts idea seems to have been transplanted, though they may differ as to the manner or details of the proceeding, concur in holding that the sentence of the court, whether upon a finding or a confession of guilt, can be suspended only with the consent of the defendant. But as the postponement of punishment, with the possibility that it may never be inflicted, is deemed a favor to him, it is presumed by the court that he assents to such an order when made in his presence and without objection on his part. *S. v. Crook, supra,* at p. 766; *Gibson v. State, supra.* Where, under the practice prevailing in Massachusetts, the order was made that the judgment lie on file, it was entered with the consent of both the defendant and the commonwealth's attorney, and left either at liberty to have the case reinstated on the docket and to demand that the court proceed to judgment."

It is true, the judge of the county court, in the instant case, erred in denying the defendant the right to appeal to the Superior Court, but this was an error which the Superior Court could have corrected on the defendant's application for a *certiorari* to have the judgment brought up for review. *S. v. Greer,* 173 N. C., 759. Instead of asking for a *certiorari,* as might have been done, the defendant applied to the judge of the Superior Court for a writ of *habeas corpus.*

It is well settled that, in *habeas corpus* proceedings, the court is not permitted to act as one of errors and appeals, but the right to afford relief, on such hearings, arises only when the petitioner is held unlawfully, or on a sentence manifestly entered by the court without power to impose it. The judgment must be void as distinguished from erroneous. *Duffer v. Brunson,* 188 N. C., 789. Speaking to the question in *United States v. Pridgen,* 153 U. S., 48, the Court said: "Under a writ of *habeas corpus,* the inquiry is addressed not to errors, but to the question whether the proceedings and judgment rendered therein are, for any reasons, nullities, and unless it is affirmatively shown that the judgment or sentence, under which the prisoner is confined, is void, he is not entitled to his discharge." Again, in *People v. Liscomb,* 60 N. Y., 559, *Allen, J.,* delivering the principal opinion, said: "If there was no legal power to render the judgment or decree, or issue the process, there was no competent court and consequently no judgment or process. All is *coram non judice* and void. . . . In other words, upon the writ of *habeas corpus,* the court could not go behind the judgment, but upon the whole record, the question was whether the judgment was warranted by law and within the jurisdiction of the court."

On application for writ of *habeas corpus,* the question of the power of the court to render the judgment, under which the prisoner is held, is to be determined solely from the record and the judgment itself. Evidence of matters outside the record is not permitted to impeach the judgment. "The hearing is confined to the record and judgment, and relief may be afforded only when on the record itself the judgment is one clearly and manifestly beyond the power of the court, a statement of the doctrine supported in numerous and authoritative decisions here and elsewhere"—*Hoke, J.,* in *In re Holley,* 154 N. C., 163.

It is alleged in the defendant's petition to this Court for a *certiorari* that the costs had been paid in No. 412, as above referred to, and that the case was off the docket when the judgment was entered at the May Term, 1926, in the general county court of Wilson County, but these allegations are not supported by the record. On the other hand, it was found by the court and embodied in the judgment entered at the May Term, "that the defendant has not complied with the conditions of the suspended sentence pronounced in said case."

No error appearing on the record, the judgment must be upheld.

Affirmed.