### STATE v. JOHN K. HARTLEY.

(Filed 2 March, 1927.)

**1. Courts—Recorders' Courts—County Commissioners — Appointment of Substitute Recorder—Coram Non Judice.**

Where a substitute recorder of the county court is elected by the county commissioners under statutory authority providing that it may be so done when the recorder is absent from the county or unable to perform the duties of the court, the former may hear and determine a criminal case coming within the jurisdiction of the court when the latter refuses to act upon the ground that he is related by blood to the prosecuting witness, and objection that the prosecution was *coram non judice* is untenable, and a writ of *certiorari* in *habeas corpus* proceedings will be denied in the Supreme Court, when the motion is based on this ground alone.

**2. Criminal Law—Libel—Warrant—Indictment.**

*Held,* objection that warrant in this case was not sufficient to charge a criminal offense untenable.

PETITION for *certiorari,* in lieu of appeal, to review judgment of *Cranmer, J.,* rendered 22 October, 1926, at Goldsboro, on return to writ of *habeas corpus,* refusing to discharge the petitioner from custody.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Abell & Shepard, Wellons & Wellons, and F. H. Brooks for defendant.*

STACY, C. J. The material allegations, upon which the petitioner bases his application for a writ of *certiorari,* are as follows:

1. That he was tried in the recorder's court of Johnston County, before James Raynor, Esq., substitute recorder, on 20 October, 1926, convicted of criminal libel, and sentenced to thirty days in jail, etc.

2. That the said James Raynor was elected substitute recorder on 19 October, 1926, for the remainder of the term of the duly elected recorder, Ezra Parker, under and by virtue of authority vested in the board of county commissioners of Johnston County by chapter 269, Public-Local Laws 1911, as amended by chapter 554, Public-Local Laws 1921, said amendment, in so far as material, being as follows: "The said board of county commissioners may elect a substitute recorder, who shall act as recorder during the absence from the county of the recorder mentioned herein, or at any time when he is unable to perform said duties, and at such times shall exercise all the powers of recorder and be subject to the same rules and requirements imposed upon the recorder."

3. That on 20 October, 1926, the duly elected recorder of Johnston County, Ezra Parker, was present in the county and able to perform his duties, but declined to try the petitioner because of his relationship by blood, brother, to the prosecuting witness, against whom the libel is alleged to have been published.

4. That the warrant upon which the petitioner was tried is defective, in that it fails to charge a criminal offense.

Upon these, the allegations chiefly pertinent, the petitioner contends that the judgment against him is void, in that the prosecution was *coram non judice,* and the warrant, upon which he was tried, failed to charge any offense against the criminal law of the State.

The first ground upon which the petitioner assails the validity of the judgment, to wit, that the prosecution was *coram non judice,* is untenable. 33 C. J., 1005. A correct sense of propriety and a due regard for the eternal fitness of things ought not to be held for unrighteousness on the record now before us. It was not unlawful for the recorder to recuse himself under the circumstances here disclosed. *Turney v. Ohio,* 71 L. Ed., decided 7 March, 1927. There is a modicum of truth in the couplet:

> "If self the wavering balance shake,
> It's rarely right adjusted."—*Burns.*

The second ground of assault upon the judgment, that the warrant fails to charge any criminal offense, is without merit, on the record as presented. *S. v. Edwards,* 192 N. C., 321.

His Honor properly refused to discharge the petitioner from custody.

The application for writ of *certiorari* is denied.