IN RE HERBERT K. ADAMS.

(Filed 30 October, 1940.)

**1. Appeal and Error § 3a: Habeas Corpus § 8—**

The wife, a party to the action out of which *habeas corpus* proceedings were instituted by the husband to obtain his release from jail, where he had been committed for willful failure to comply with an order requiring him to pay alimony, is entitled to review by *certiorari* the order releasing the husband. C. S., 632, 638.

**2. Habeas Corpus § 7—**

In *habeas corpus* proceedings instituted by a husband to obtain his release from jail where he had been committed for willful violation of an order requiring him to pay alimony, the court is bound by the judgment for contempt and cannot review the facts upon which that judgment was predicated, *habeas corpus* not being available as a substitute for an appeal.

**3. Contempt of Court § 2b: Divorce § 14—**

The facts found by the court in contempt proceedings against a husband for willfully refusing to comply with an order for payment of alimony, are not reviewable on appeal except for the purpose of passing on their sufficiency to warrant the judgment committing him to jail.

**4. Courts § 3—**

Ordinarily, one Superior Court judge has no power to overrule the judgment or reverse the findings of fact previously made in the cause by another judge of the Superior Court.

**5. Habeas Corpus § 7—In habeas corpus proceedings to obtain release from jail, prior order of commitment for contempt is conclusive.**

Petitioner was committed to jail for willful violation of a prior court order requiring him to pay his wife alimony under the provisions of C. S., 1667, and to secure such payment by execution of a deed of trust on certain real estate owned by him in another state. The proceedings were in all respects regular upon their face, C. S., 978, 984. Petitioner obtained writ of *habeas corpus*, and upon the hearing he was remanded into custody upon the court's finding that he was legally restrained. Thereafter a second *habeas corpus* was issued, and at the hearing the court found that petitioner was without funds to pay anything for the support of his wife and children, and ordered him released from custody. *Held:* Where there was no application for modification of the original judgment, C. S., 1667, nor evidence to support a finding of changed conditions, nor explanation of petitioner's refusal to execute the deed of trust as required by the original judgment, and the finding that petitioner could not pay the alimony ordered is not sufficient to entitle petitioner to be discharged, and further, the findings in the contempt proceeding were conclusive and binding on the court upon the hearing upon the writ of *habeas corpus*, and the question of the legality of petitioner's restraint had been previously adjudged against him upon the prior writ of *habeas corpus*, and the order discharging petitioner from custody is reversed. C. S., 2206, 2209.

CERTIORARI to review order of *Stevens, J.,* in *habeas corpus* proceeding instituted by Herbert K. Adams. From DUPLIN. Reversed.

*Butler & Butler for Hallie Mae Adams.*
*No counsel contra.*

DEVIN, J. This case comes to us upon a writ of *certiorari* issued by this Court at the instance of Hallie Mae Adams to review the order of the judge below discharging the petitioner, Herbert K. Adams, from custody under writ of *habeas corpus.* The facts were these:

In 1934, Herbert K. Adams instituted action against his wife, Hallie Mae Adams, for divorce, and in the same action Hallie Mae Adams filed cross action for alimony without divorce, alleging that he had abandoned her without making adequate provision for her support and that of their three infant children. In that action, in 1938, Frizzelle, J., entered a judgment, based upon sufficient findings of fact, requiring Herbert K. Adams to make certain provision for the support of his wife and children, and, in order to secure the performance of the order, to execute a deed of trust on certain valuable real estate in South Carolina, which the court found belonged to him. No appeal was taken from this judgment, nor was any exception noted thereto.

More than a year later it was made to appear by affidavit to Judge Williams, then presiding in Duplin Superior Court, that Herbert K. Adams had not complied in any respect with the order of Judge Frizzelle, and contempt proceedings were instituted, after due notice. Upon the hearing Judge Williams found upon sufficient evidence that Adams had not complied with the order of the court, that he was able to comply therewith, and that his disobedience of the terms thereof was willful and contumacious, constituting an intentional resistance to a lawful order of the court, and thereupon committed him to jail until he should comply with the order of court or be otherwise legally discharged. That was 14 December, 1939. No appeal was taken from this order. On 29 January, 1940, at the instance of Herbert K. Adams, writ of *habeas corpus* was issued by Stevens, J., who, upon the hearing found that the petitioner was legally restrained, and remanded him to custody. On 27 April, 1940, again, upon petition of Herbert K. Adams, writ of *habeas corpus* was issued by Stevens, J., who, at this time, being of opinion that petitioner was illegally held in jail for the nonpayment of alimony, and that he was without funds to pay anything for the support of his wife and children, ordered him released from custody. This order was entered without notice to Hallie Mae Adams, as required by C. S., 2231. Hallie Mae Adams applied to this Court for writ of *certiorari,* which was allowed. Having been a party to the action out of

which these proceedings arose, and being interested in the result, she was permitted to bring the matter here for review. C. S., 632; C. S., 638; *Cromartie v. Comrs.*, 85 N. C., 211.

Apparently the proceedings under which the petitioner was in custody were in all respects in accordance with the statutes and the decisions of this Court. C. S., 978; C. S., 984; *Pain v. Pain*, 80 N. C., 322; *Childs v. Wiseman*, 119 N. C., 497, 26 S. E., 126; *Cromartie v. Comrs., supra; Green v. Green*, 130 N. C., 578, 41 S. E., 784; *In re Croom*, 175 N. C., 455, 95 S. E., 903; *Nobles v. Roberson*, 212 N. C., 334, 193 S. E., 420; *Dyer v. Dyer*, 213 N. C., 634, 197 S. E., 157. The facts found by Judge Williams, based upon evidence, are not reviewable by this Court except for the purpose of passing on their sufficiency to warrant the judgment. *In re Parker*, 177 N. C., 463, 99 S. E., 345; *Green v. Green, supra.* Nor upon the writ of *habeas corpus* could Judge Stevens go behind the judgment under which the petitioner was held, the only question being whether the judgment was warranted by law and within the jurisdiction of the court. *In re Holley*, 154 N. C., 163, 69 S. E., 872; *S. v. Edwards,* 192 N. C., 321, 135 S. E., 37.

It is an established rule in this jurisdiction that one Superior Court judge has no power to overrule the judgment or reverse the findings of fact of another judge of the Superior Court previously made in the cause, except in certain well defined cases which have no application here. *Roulhac v. Brown*, 87 N. C., 1; *Henry v. Hilliard*, 120 N. C., 479, 27 S. E., 130; *Davis v. Land Bank*, 217 N. C., 145. No appeal lies from one Superior Court judge to another. *Wellons v. Lassiter,* 200 N. C., 474, 157 S. E., 434; *S. v. Lea*, 203 N. C., 316, 166 S. E., 292; *Dail v. Hawkins*, 211 N. C., 283, 189 S. E., 774. Nor may the writ of *habeas corpus* be used as a substitute for an appeal. McIntosh, 1101; *Ex parte McCown*, 139 N. C., 95, 51 S. E., 957; *S. v. Edwards, supra; S. v. Dunn*, 159 N. C., 470, 74 S. E., 1064.

There was no application for modification of the original judgment (C. S., 1667), nor evidence to support a finding of changed conditions. *Anderson v. Anderson*, 183 N. C., 139, 110 S. E., 863. Though Judge Stevens found that petitioner had no funds with which to comply with the original judgment (contrary to the findings of both Judge Frizzelle and Judge Williams), this was not sufficient to entitle petitioner to be discharged, as there was yet the unexplained refusal of petitioner to execute the deed of trust on his land in South Carolina as required by the order of Judge Frizzelle. *Childs v. Wiseman, supra; S. v. Hooker,* 183 N. C., 763, 111 S. E., 351; *S. v. Godwin*, 210 N. C., 447, 187 S. E., 560.

It also appears that the question of the legality of petitioner's restraint had been previously adjudged against him upon a prior writ of *habeas*

*corpus* issued at the instance of petitioner upon the same ground. C. S., 2206; C. S., 2209; *In re Brittain,* 93 N. C., 587.

For the reasons stated, the order of the judge below discharging the petitioner from custody must be

Reversed.