IN RE ADVISORY OPINION TOUCHING PROPOSED LEGISLATION TO PROVIDE SUBSISTENCE AND TRAVEL ALLOWANCE FOR MEMBERS OF THE GENERAL ASSEMBLY.

(Filed 31 March, 1947.)

**1. Constitutional Law § 5—**

The voice of the people is the voice of finality, and therefore where a proposal has been submitted to a vote and rejected, governmental officials ordinarily may not take action to effectuate such proposal.

**2. Constitutional Law § 8a: Public Officers § 11—**

The General Assembly is authorized to fix the compensation of other officials but the people have reserved to themselves the right to determine the amount which the members of the General Assembly shall be paid, Art. II, Sec. 28, and the General Assembly is without authority to provide subsistence and travel allowance for its members in addition to the compensation fixed by the Constitution.

**3. Public Officers § 5b—**

Self-interest disqualifies one from action in a public capacity where unbiased judgment is required.

On 28 March, 1947, the following Joint Resolution No. 979 was received from the General Assembly of North Carolina:

## A JOINT RESOLUTION REQUESTING AN ADVISORY OPINION OF THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT OF NORTH CAROLINA UPON HOUSE BILL NO. 276.

Whereas, House Bill No. 276, providing that each member of the General Assembly shall be entitled to the same subsistence and same allowance for transportation as provided by law for State officials and employees, has been reported favorably by the Committee on Appropriations and is now pending on the Calendar of the House of Representatives; and

Whereas, it now appears that a majority of the House of Representatives and of the Senate favor and will vote for the passage of said bill or similar bill unless advised by the Chief Justice and Associate Justices of the Supreme Court, in an Advisory Opinion, that their contemplated action is in contravention of the Constitution: Now, Therefore,

Be it resolved by the House of Representatives, the Senate concurring:

Section 1. That the Chief Justice and Associate Justices of the Supreme Court of North Carolina be, and they hereby are, respectfully requested to furnish to the House of Representatives and the Senate an

23—227

In re Advisory Opinion in re Constitutionality House Bill No. 276.

Advisory Opinion as to the constitutionality of House Bill No. 276, providing that each member of the General Assembly shall be entitled to the same subsistence and the same allowance for transportation as provided by law for State officials and employees.

Sec. 2. Inasmuch as the session of the General Assembly is now approaching its end, it is respectfully requested that this Advisory Opinion be furnished at the earliest possible time.

Sec. 3. That this Resolution shall be in full force and effect from and after its ratification.

The substance of the accompanying House Bill No. 276 is set out in the first paragraph of the above resolution.

The following responses were made by the Chief Justice and Associate Justices of the Supreme Court on 31 March, 1947:

Raleigh, N. C., 31 March, 1947

To the Honorable L. Y. Ballentine, Lieutenant Governor,
    ex officio President of the Senate, and the Honorable
        Thomas J. Pearsall, Speaker of the House of Representatives:

In re Constitutionality of House Bill No. 276

Joint Resolution No. 979, requesting the Chief Justice and the Associate Justices of the Supreme Court to indicate whether in their opinions House Bill No. 276, if duly approved by both Houses of the General Assembly, would be a valid exercise of the legislative power, has been received and carefully considered. This bill would provide subsistence and travel allowance for members of the General Assembly in addition to the compensation fixed for their services by constitutional provision.

The people of North Carolina, speaking through their Constitution, have fixed the salaries of members of the General Assembly for the term of their office at six hundred dollars each, with additional compensation in case of an extra session. Art. II, Sec. 28. A proposed amendment which would have augmented this amount with an expense allowance was defeated in the general election of 1946. Ch. 1042, Session Laws 1945. It is understood that another amendment involving the same matter is to be voted on at the next general election.

The rule is well established in this jurisdiction that the voice of the people is the voice of finality. This principle was recently approved in the case of Purser v. Ledbetter, 227 N. C., 1, where the Commissioners of the City of Charlotte were denied the right to proceed with a matter following its rejection at the polls. Similarly, the Commissioners of Guilford County were held to be without authority to augment the salary of one of their officers which had been fixed by the General

Assembly, albeit the duties of the officer had been greatly increased. *Hill v. Stansbury,* 223 N. C., 193, 25 S. E. (2d), 604.

While the General Assembly is authorized to fix the compensation of other officials, the people have reserved to themselves the right to deter-. mine the amount which the members of the General Assembly shall be paid. The object of the reservation is to relieve those in high public office from the necessity of passing upon a matter in which they have a direct pecuniary interest. It has long been a rule of general observance that self-interest disqualifies one from acting in a public capacity where unbiased judgment is required. Anno. 133 A. L. R., 1258. Such was the direct holding in *Kendall v. Stafford,* 178 N. C., 461, 101 S. E., 15, where the Commissioners of the City of Greensboro were denied the right to vote themselves additional compensation, notwithstanding the letter of the law seemed broad enough to include the power. See, also, *In re Steele,* 220 N. C., 685, 18 S. E. (2d), 132, and *S. v. Hartley,* 193 N. C., 304, 136 S. E., 868.

Substantially the same question here submitted has been the subject of debate in a number of states. It is generally held that a legislative body has no power to provide subsistence and travel allowance for its members in excess of or in addition to the compensation fixed by constitutional provision. The authorities on the subject are collected in 50 A. L. R., 1239, and 60 A. L. R., 416, where the arguments in support of the different contentions are fully stated. See, also, supplemental decisions thereunder. In line with the majority view is our own decision in *Bank v. Worth,* 117 N. C., 146, 23 S. E., 160.

Accordingly you are advised that the General Assembly would seem to be without authority to accomplish the purpose declared in House Bill No. 276.

Respectfully,

WALTER P. STACY, *Chief Justice*
MICHAEL SCHENCK,
WILLIAM A. DEVIN,
M. V. BARNHILL,
J. WALLACE WINBORNE,
A. A. F. SEAWELL,
EMERY B. DENNY,

*Associate Justices.*