IN THE MATTER OF IMPRISONMENT OF WILLIAM C. PALMER.

(Filed 20 October, 1965.)

**1. Contempt of Court § 8;   Habeas Corpus § 2—**

No appeal lies from the imposition of punishment for direct contempt, and review upon *habeas corpus* is not *de novo* but is limited to a determination of whether the court imposing sentence had jurisdiction and whether its findings of fact set forth on the record support its order, the findings being conclusive.

**2. Habeas Corpus § 4—**

*Habeas corpus* is a collateral attack on a judgment of imprisonment for contempt, and no appeal lies from the order entered therein, and whether the order will be reviewed on *certiorari* rests in the sound discretion of the Court and the Court in the exercise of such discretion may decline to issue the writ.

PETITION for writ of *certiorari* to review an order of *Martin, S. J.,* entered September 16, 1965, in Chambers at Morganton, BURKE County.

The challenged order was made in a *habeas corpus* proceeding.

On 20 August 1965 Fate J. Beal, Judge of the Recorder's Court for Caldwell County, made findings of fact in writing and concluded therefrom that William C. Palmer, a licensed and practicing attorney, had, on 17 August 1965, committed contemptuous and insolent behavior in the immediate view and presence of said judge while the said recorder's court was in session, and that said conduct tended to interrupt proceedings and impair the respect due the court's authority. Thereupon judgment was entered imposing a jail sentence of 30 days, to be suspended upon specified conditions. The contemner, being unwilling to accept the conditions, was committed to jail.

Contemner applied to Judge Martin for writ of *habeas corpus*. The writ was issued and, upon its return, Judge Martin heard the matter *de novo* at Morganton. He had before him the findings of fact, conclusions of law and judgment of Judge Beal. He also heard testimony of the clerk of recorder's court of Caldwell County, solicitor of recorder's court of Caldwell County, a probation officer, a deputy sheriff of Caldwell County, and an attorney. Judge Martin found facts, concluded that contemner was illegally and unlawfully imprisoned, and ordered that contemner be discharged.

Application was made in Supreme Court for *certiorari* by W. H. Childs, Jr., District Solicitor of the Sixteenth Solicitorial District, for and on behalf of said recorder's court. (G.S. 5-3).

*W. H. Childs, Jr., District Solicitor of the Sixteenth Solicitorial District, for the Recorder's Court of Caldwell County.*
*Byrd & Byrd for contemner.*

Per Curiam. Direct contempt of court is punishable summarily, and the offended court is only required to "cause the particulars of the offense to be specified on the record." *In re Burton*, 257 N.C. 534, 126 S.E. 2d 581; *Galyon v. Stutts*, 241 N.C. 120, 84 S.E. 2d 822; G.S. 5-5. No appeal shall lie from an order of direct contempt: G.S. 5-2; *Luther v. Luther*, 234 N.C. 429, 67 S.E. 2d 345. A contemner imprisoned in consequence of a judgment of direct contempt may seek relief by *habeas corpus*. However, the only question open to inquiry at the *habeas corpus* hearing is whether, on the record, the court which imposed the sentence had jurisdiction and acted within its lawful authority. *In re Renfrow*, 247 N.C. 55, 100 S.E. 2d 315; *State v. Hooker*, 183 N.C. 763, 111 S.E. 351. The facts found by the committing court are binding on the judge at the *habeas corpus* hearing, the only question being whether the judgment was warranted by law and within the jurisdiction of the court. *In re Adams*, 218 N.C. 379, 11 S.E. 2d 163. In *habeas corpus* proceedings, the court is not permitted to act as one of errors and appeals; to justify relief the judgment of imprisonment must be void as distinguished from erroneous. *State v. Edwards*, 192 N.C. 321, 135 S.E. 37; *In re Burton, supra*. The court hearing the matter on *habeas corpus* may not try the cause *de novo*, hear testimony of witnesses, or find facts in conflict with those found by the judge who imposed the sentence. In the *habeas corpus* proceeding the judge merely reviews the record and determines whether the court which imposed sentence had jurisdiction and whether the facts found and specified on the record are sufficient to support the imposition of sentence.

It is clear that the judge below misconceived the scope of his duty and authority. He was bound by the facts found by Judge Beal (but not the factual conclusions). He could not hear testimony of witnesses or consider evidence *dehors* the record, and therefrom find independent facts. He could only determine whether the facts found by Judge Beal are sufficient to support the judgment. *In re Croom,* 175 N.C. 455, 95 S.E. 903.

A *habeas corpus* proceeding is a collateral attack on a judgment of imprisonment, and an order in the proceeding discharging the prisoner is not equivalent to a verdict of not guilty. No appeal lies from an order made in a *habeas corpus* proceeding (except in cases involving custody of children) but such order may be reviewed on. *certiorari. State v. Edwards,* 192 N.C. 321, 135 S.E. 37. Whether *certiorari* will be granted rests in the sound discretion of the Court. *In re McCade,* 183 N.C. 242, 111 S.E. 3; *In re Croom, supra.*

After a careful examination of the record, this Court, in the exercise of its discretion, declines to issue writ of *certiorari.*

Petition denied.