STATE OF NORTH CAROLINA v. ARTHUR LEE GREEN
No. 6817SC311

(Filed 18 September 1968)

1. Criminal Law § 13—   right to try person brought within jurisdiction illegally

The fact that a person accused of a crime is improperly or illegally brought to this State after being apprehended in another jurisdiction does not affect the right of the State to try and imprison him for the crime.

2. Habeas Corpus § 2—   necessary allegations — no prior adjudication

A petition for a writ of habeas corpus must allege that to the knowledge

or belief of the applicant the legality of his imprisonment or restraint has not been already adjudged upon a prior writ of habeas corpus. G.S. 17-7.

**3. Habeas Corpus § 4— no appeal from habeas corpus judgment — certiorari**

No appeal lies from an order made in a habeas corpus proceeding except in cases involving the custody of children, review being available only upon application for a writ of certiorari.

**4. Criminal Law § 181— necessary allegations for post-conviction petition**

A petition under the Post-Conviction Hearing Act must allege that the questions raised have not theretofore been raised or passed upon by any court of competent jurisdiction. G.S. 15-218.

**5. Criminal Law § 181— no appeal from post-conviction judgment — certiorari**

No appeal lies from a final judgment entered upon a petition and proceeding for post-conviction review under the Post-Conviction Hearing Act, review being available only upon application by the petitioner or by the State for a writ of certiorari. G.S. 15-222.

**6. Habeas Corpus § 4; Criminal Law §§ 156, 181— attempted appeal from habeas corpus and post-conviction proceeding — treated as certiorari**

An attempted appeal by petitioner from an adverse judgment in a habeas corpus and post-conviction proceeding is dismissed as improper by the Court of Appeals, but the record docketed in the Court is considered as a petition for a writ of certiorari, and the trial judge having found upon competent evidence that petitioner had a fair trial and that no constitutional rights had been denied him, the petition is denied.

ATTEMPTED appeal by defendant from *Gwyn, J.,* May 1968 Session of Superior Court of SURRY County.

*Attorney, General T. W. Bruton by Deputy Attorney General Harry W. McGalliard, for the State.*

*Charles L. Folger for defendant appellant.*

MALLARD, C.J.

In August 1967 in the Superior Court of Surry County the defendant, represented by counsel, pleaded guilty in case number 67-263 to the felony of attempted armed robbery in violation of G.S. 14-87 and was sentenced to imprisonment in the State Prison for a term of not less than nine years nor more than twelve years. At the same session of court the defendant entered a plea of guilty in case number 67-264 to felonious assault and was sentenced to imprisonment in the

State Prison for a term of not less than eight years nor more than ten years to run concurrently with the sentence in case number 67-263.

[1]    Defendant filed a petition which he called "A petition for a Writ of Habeas Corpus In Forma Pauperis Under G.S. 15-217, 15-222." The allegations in the petition are that defendant is illegally detained in the North Carolina State Prison, that his civil rights were violated, and that he was denied due process and equal protection of the laws. He also asserts in his petition that he is entitled to have the charges against him vacated and to be released from prison. He was given a hearing on the petition after an attorney was appointed to represent him. At the hearing the defendant testified that with his consent, his attorney entered a plea of guilty at his original trial. After hearing the evidence offered at the hearing on the petition, the presiding judge, upon competent evidence, found as a fact that the defendant voluntarily entered a plea of guilty and that his only complaint then was that he was improperly brought from the State of Virginia to the State of North Carolina.

In 21 Am. Jur. 2d, Criminal Law, § 381, we find the following:

"Where a person accused of a crime is found within the territorial jurisdiction wherein he is charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings. The basic principle supporting this general rule is that when a person accused of crime is held under valid process in the proper forum, such detention is not rendered invalid by the illegality of the events which preceded, or which made the detention physically possible. His wrong against the state holding him is not excused by the illegality of the means employed in obtaining custody, and the means used to bring him there will not be a subject of inquiry.

The general rule is frequently applied where the accused has been arrested by officers in another state and brought into the state where he is charged with crime without the formality of extradition proceedings. . . ."

Even if the defendant was improperly or illegally brought to North Carolina after being apprehended in Virginia, this would not affect the right of the State of North Carolina to try him and imprison him on the felony charges to which he voluntarily pleaded guilty.

[2]  The petition contains some but not all of the necessary allegations of an application for a writ of habeas corpus under G.S. 17-7. This statute requires that a petition for a writ of habeas corpus must state in substance that the legality of the imprisonment or restraint has not been already adjudged, upon a prior writ of habeas corpus, to the knowledge or belief of the applicant. This petition does not contain such an allegation.

[3]  In the case of *In re Palmer,* 265 N.C. 485, 144 S.E. 2d 413, the Supreme Court said:

> "No appeal lies from an order made in a *habeas corpus* proceeding (except in cases involving custody of children) but such order may be reviewed on *certiorari. State v. Edwards,* 192 N.C. 321, 135 S.E. 37. Whether *certiorari* will be granted rests in the sound discretion of the Court. *In re McCade,* 183 N.C. 242, 111 S.E. 3; *In re Croom,* supra."

[4]  The petition contains some but not all of the necessary allegations required in a petition for a review of a criminal trial as provided by Article 22 of Chapter 15 of the General Statutes of North Carolina which is known as the North Carolina Post-Conviction Hearing Act.

G.S. 15-218 requires that a petition for review of a criminal trial shall state that the questions raised have not theretofore been raised or passed upon by any court of competent jurisdiction. This petition does not contain such a statement. From the affirmative findings by the court, it is apparent that this deficiency in the petition was ignored and the case heard on its merits or an amendment allowed which did not get into the record.

[5]  In the case of *Nolan v. State,* 1 N.C.App. 618, Judge Frank Parker writing the opinion for the Court of Appeals said:

> "No appeal lies from a final judgment entered upon a petition and proceeding for post-conviction review under the North Carolina Post-Conviction Hearing Act, review being available only upon application by the petitioner or by the State for a Writ of *Certiorari.* G.S. 15-222."

[6]  The defendant requested that his petition be considered both as an application for a writ of habeas corpus and as a petition for a review of a criminal trial. After a hearing the trial judge found, upon competent evidence, that the defendant had a fair trial, that no constitutional rights had been denied him, and entered an order dismissing the petition and remanding the defendant to the custody

of the proper authorities to be incarcerated in conformity with the original judgment.

No appeal lies from the order of Judge Gwyn in this case, review being available only through *certiorari.*

The attempted appeal is dismissed. The record docketed here is considered as a petition for the issuance of a writ of *certiorari* and is denied.

CAMPBELL and MORRIS, JJ., concur.