IN THE MATTER OF CHARLES POPE WILSON

No. 6828SC384

(Filed 20 November 1968)

**1. Habeas Corpus § 4—    review of habeas corpus proceeding — certiorari**

No appeal lies from a judgment entered in a *habeas corpus* proceeding, review being available only upon application for a writ of *certiorari.*

**2. Habeas Corpus § 4—    review of habeas corpus proceeding**

Purported appeal from a *habeas corpus* proceeding is dismissed by the Court of Appeals and the record is considered as a petition for a writ of *certiorari,* which is allowed.

**3. Criminal Law §§ 18, 138—    appeal from inferior court — length of sentence**

Upon appeal from a criminal conviction in the General County Court, the Superior Court may impose a longer or shorter sentence than that imposed by the inferior court.

**4. Criminal Law § 138—   credit for time in jail awaiting trial**

 Upon conviction in the Superior Court after having appealed from a conviction in an inferior court, defendant is not entitled as a matter of right to credit for the time he spent in jail awaiting trial in the Superior Court because of his inability to make bond.

ON *certiorari* to review judgment of *Froneberger, J.,* entered in a hearing on a petition for *habeas corpus* on 16 July 1968 during 16 July 1968 Session, BUNCOMBE Superior Court.

The petitioner was tried in the General County Court of Buncombe on two charges of assault with a deadly weapon. After entering a plea of not guilty he was found guilty of both charges and was sentenced to be confined for nine months in the Buncombe County jail on each charge. The second sentence was to run at the expiration of the first.

From this judgment the petitioner gave notice of appeal to the Superior Court of Buncombe County. In the Superior Court the State took a *nol pros* on one of the charges and the defendant entered a plea of guilty to the other. On the basis of this plea the trial judge placed the defendant in the custody of the Commissioner of Correction for a maximum period of 18 months, the defendant being a youthful offender.

Following this trial in the Superior Court the defendant filed an affidavit of indigency, and counsel was appointed to represent him in a post-conviction hearing. Defendant, through his counsel, filed an application for a writ of *habeas corpus* directed to Martin (Harry C.), J., Superior Court of North Carolina. This application was denied on 16 July 1968 by Froneberger, J. From the order denying the writ, the defendant attempts to appeal.

*Attorney General T. W. Bruton by Assistant Attorney General Millard R. Rich, Jr., for the State.*

*McGuire, Baley & Wood by Philip G. Carson for defendant appellant.*

MORRIS, J.

**[1, 2]**   An appeal is not allowed from a judgment entered in a *habeas corpus* proceeding. Such judgments may be reviewed by way of *certiorari* if the court, in its sound discretion, chooses to grant such a writ. *In re Palmer,* 265 N.C. 485, 144 S.E. 2d 413; *In re Croom,* 175 N.C. 455, 95 S.E. 903. Accordingly, the defendant's appeal is

dismissed as improper. However, we have considered the record as a petition for writ for *certiorari,* which has been allowed.

[3]    The defendant argues that he was denied due process and equal justice when he was given a longer sentence in the Superior Court than he had received in the General County Court. In an appeal from an inferior court to the superior court, in a criminal case, the defendant receives a trial *de novo,* and without prejudice from the proceedings below. The sentence, if any, imposed in the superior court is without regard to what occurred in the court below. For this reason, the sentence may be longer or shorter than that given in the court below. *State v. Morris,* 2 N.C. App. 262, 163 S.E. 2d 108. A defendant should not have any proprietary rights in a sentence so long as he is asserting his rights to trials in the various courts. To allow defendants a trial *de novo* with the certainty that the sentence imposed cannot be increased upon conviction in the higher court would tend to reduce such appeals from the standpoint of the defendant to a "heads I win, tails you lose" proposition. The effect could only be an increasing disrespect for the courts.

Additionally, the maximum sentence is fixed by the Legislature. It is not and should not be within the power of a judge of a lower court, in effect, to change the statute by imposing a sentence less than the maximum and when a new trial is had, tie the hands of the court which is superior to his.

[4]    The trial judge did not err in failing to give the defendant credit for the time which he spent in jail awaiting a trial in the Superior Court, *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633, for his status was that of a prisoner awaiting trial. He was held in jail because of his inability to post bond. He was not serving a sentence as punishment for the crime charged.

The defendant entered a plea of guilty when he was called for trial in the Superior Court. The sentence imposed by the court was within the limit which is allowed by law for the crime charged. See G.S. 14-33 and G.S. 14-3. The record docketed in this Court is dismissed as an appeal, but having considered the matter on *certiorari,* in the trial below, we find

No error.

MALLARD, C.J., and CAMPBELL, J., concur.