LONNIE RAYVON SURRATT v. STATE OF NORTH CAROLINA

No. 7022SC144

(Filed 25 February 1970)

**Habeas Corpus § 4— appellate review**

Except in cases involving the custody of minor children, no appeal lies from a *habeas corpus* judgment, such judgment being reviewable only by way of certiorari if the appellate court, in its discretion, chooses to grant such a writ.

APPEAL by petitioner from *May, S.J.,* 29 September 1969 Session of DAVIDSON Superior Court.

On 17 June 1969 petitioner, with the assistance of court-appointed counsel, filed an amended application for writ of habeas corpus in the Superior Court of Davidson County. In his amended application petitioner alleged: In November 1962 he was indicted by a grand jury in Davidson Superior Court for (1) first-degree murder and (2) breaking and entering and larceny. At the 18 March 1963 Session of Davidson Superior Court, he pleaded guilty to second-degree murder and breaking and entering and larceny. On the murder charge, he was given a prison sentence of not less than 25 nor more than 30 years; on the other charge, he was given a prison sentence of seven

to ten years to begin at expiration of sentence imposed on the murder charge. Petitioner is now serving the sentences imposed but alleges his imprisonment is illegal because of constitutional violations in connection with his arrest and trial.

A hearing was conducted on the application, with petitioner and his counsel present and participating. After hearing the testimony presented by petitioner and his witnesses and considering said testimony and other evidence introduced, Judge May entered judgment in which he found facts, made conclusions of law, adjudged that petitioner was lawfully restrained and imprisoned, and denied petitioner's prayer that he be released from prison. Petitioner attempts to appeal from said judgment.

*Attorney General Robert Morgan and Staff Attorney Edward L. Eatman, Jr., for the State.*

*William H. Steed for petitioner appellant.*

BRITT, J.

The attorney general has moved in this Court that the appeal be dismissed for that no appeal lies from a judgment rendered on return of a writ of habeas corpus to obtain freedom from restraint, review being solely by certiorari. The motion is well taken.

It is well established in the Appellate Division of the General Court of Justice of North Carolina that, except in cases involving the custody of minor children, an appeal is not allowed from a judgment entered in a habeas corpus proceeding, such judgment being reviewable by way of certiorari if the court, in its discretion, chooses to grant such a writ. *State v. Lewis,* 274 N.C. 438, 164 S.E. 2d 177; *In Re Palmer,* 265 N.C. 485, 144 S.E. 2d 413; *In Re Renfrow,* 247 N.C. 55, 100 S.E. 2d 315; *In Re Steele,* 220 N.C. 685, 18 S.E. 2d 132 (cert. den. 316 U.S. 686, 86 L. Ed. 1758, 62 S. Ct. 1275); *In Re Wilson,* 3 N.C. App. 136, 164 S.E. 2d 56. Accordingly, petitioner's appeal is dismissed.

Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari is denied.

Appeal dismissed.

Certiorari denied.

BROCK and GRAHAM, JJ., concur.