IN THE MATTER OF THE CONTEMPT OF: TED G. WEST, ATTORNEY AT LAW

No. 7425SC235

(Filed 17 April 1974)

1. **Contempt of Court §§ 2, 3— direct and indirect contempt**
   When contempt is direct, the court may take summary action to punish the offender, but the particulars of the offense must be specified in the record; when the contempt is indirect, the proper procedure is by order to show cause.

2. **Contempt of Court § 8— review of contempt orders**
   While there is a right of appeal from an order of indirect contempt, there is no right of appeal from an order of direct contempt but review must be secured by application to another court for a writ of *habeas corpus* and petition for *certiorari* if no relief is there obtained.

3. **Contempt of Court § 4— failure of attorney to appear for trial — contempt for leaving presence of court — void order**
   Where a criminal case was called for trial, defendant announced that he was represented by a certain attorney, and a member of the attorney's firm announced that the attorney was in another city inves-

In re West

tigating a murder case, order entered by the trial court summarily holding the attorney in contempt for leaving the presence of the court without permission was void *ab initio* where there was no finding that the attorney actually represented the defendant, there was no basis for a finding that the attorney was delivered a copy of the court docket or that he knew that a case in which he appeared was scheduled for trial, the record shows that the attorney was never in the actual presence of the court either before, during or after the proceedings, and there was no showing that the attorney was under any process or order of the court which required his presence before it.

APPEAL by contemner from order of *Falls, Judge,* entered at 26 November 1973 Session of Superior Court held in CALDWELL County.

The entire contempt proceedings of record are contained in the order of Judge Falls dated 6 December 1973, which is as follows:

"ORDER OF CONTEMPT (Filed 12-6-73)

"It appearing to the Court that the District Attorney called the case of State vs. Walt Watson, docket number 73 Cr 6901 and that the defendant upon the call to the bar announced that Mr. Ted West, Esqr., of the Caldwell County Bar represented him;

"That the Court inquired of Mr. Laird Jacobs, Esqr., a member of the firm of West & Groome, who announced that Mr. West is in Kannapolis, North Carolina, investigating a murder charge against some person unknown to him; that Mr. West was delivered a copy of this court docket at least ten days prior to the opening of this Court and that he knew or should have known that Mr. Walt Watson was on the docket for trial; that Mr. West did not advise the Court and did not get the Court's permission to leave the presence of this Court to go anywhere, particularly Kannapolis; that he did not advise his junior partner, Mr. Laird Jacobs, or anyone else to the Court's knowledge about this case;

"UPON THE FOREGOING the Court finds these acts of Mr. Ted G. West, in leaving the presence of the Court without any permission is contemptuous;

"It is ordered that Mr. Ted G. West be held in the custody of the Caldwell County Jail for contempt of this

Court to be purged only by posting a fine in the sum of $150.00 to the Clerk of this Court;

"This the 6th day of December 1973.

s/ B. T. FALLS, JR.
Judge Presiding"

Written notice of appeal from this Order was entered on 7 December 1973. Appeal entries were approved by Judge Falls on 12 December 1973, at which time a $500.00 appearance bond for contemner was adjudged sufficient.

Contemner appeals.

*Attorney General Morgan, by Associate Attorney William Woodward Webb, for the State.*

*Wilson, Palmer & Simmons, by George C. Simmons III, for defendant appellant.*

BALEY, Judge.

Proceedings for contempt are governed by Chapter 5 of the General Statutes of North Carolina and are classified as either "direct" or "indirect," depending upon whether they are committed within or beyond the presence of the court. *Galyon v. Stutts*, 241 N.C. 120, 84 S.E. 2d 822 (1954); *In Re Edison*, 15 N.C. App. 354, 190 S.E. 2d 235 (1972); *see* Snepp, *The Law of Contempt in North Carolina*, 7 Wake Forest L. Rev. 1.

To constitute direct contempt, the conduct does not have to occur in the courtroom, but "[a] direct contempt consists of words spoken or acts committed in the actual or constructive presence of the Court while it is in session . . . or during recess . . . which tends to subvert or prevent justice. An indirect contempt is one committed outside the presence of the court, usually at a distance from it, which tends to degrade the court or interrupt, prevent, or impede the administration of justice." *Galyon v. Stutts, supra* at 123, 84 S.E. 2d at 824-25.

[1, 2] When the contempt is direct, the court may take summary action to punish the offender, but the particulars of the offense must be specified in the record. G.S. 5-5. When the contempt is indirect, the proper procedure is by order to show cause. G.S. 5-7; *Galyon v. Stutts, supra*. When the contempt is direct, there is no right of appeal, G.S. 5-2, and any review is

In re West

secured by application to another court for a writ of habeas corpus and petition for certiorari if no relief is there obtained. *In re Palmer,* 265 N.C. 485, 144 S.E. 2d 413 (1965). Where contempt is indirect, there is right of appeal. G.S. 5-2; *Cromartie v. Commissioners,* 85 N.C. 211 (1881).

Presumably the trial court here considered contemner in direct contempt of its authority and acted summarily; yet an appeal was granted and appeal entries made, which is the procedure for an indirect contempt. Regardless of how the matter has been considered, we take jurisdiction on appeal, and direct that the judgment be reversed.

[3] On this record, we are unable to determine any proper basis for the action of the court. There is no finding that Mr. West actually represented the criminal defendant whose case was called for trial, but only that the defendant "announced" that Mr. West represented him. There was no finding that Mr. West was in Kannapolis investigating a murder charge, but only that a member of his firm "announced" this supposed fact. There is no basis for any finding that Mr. West was delivered a copy of the court docket or that he knew that a case in which he appeared was scheduled for trial. In fact, the record shows affirmatively that contemner was never in the actual presence of the court either before, during, or after the proceedings. There is no showing that contemner was under any process or order of the court which required his presence before it, and certainly there could be no contempt for failure to be there. Since contemner was never before the court, he cannot be held for contempt for not securing permission to leave. There is nothing in the record which supports any conclusion that the court ever acquired jurisdiction over the person of the contemner in any way sanctioned by law. Without jurisdiction, any judgment imposed is void *ab initio. Marketing Systems v. Realty Co.,* 277 N.C. 230, 176 S.E. 2d 775 (1970).

The order of the trial court directing that Ted G. West be held in custody for contempt of court is reversed.

Reversed.

Chief Judge BROCK and Judge PARKER concur.