IN RE GUERIN.

---

IN THE MATTER OF FRED J. GUERIN.

(Filed 11 July, 1934.)

**Extradition B a—Presence in demanding state on date crime is alleged to have been committed is sufficient to support finding that prisoner is a fugitive from justice of the demanding state.**

Where a person arrested upon the warrant of the Governor of this State for extradition, contests the validity of the extradiction proceedings solely on the ground that on the date of his arrest he was not a fugitive from justice of the demanding State, and all the evidence is to the effect that he was in the demanding state on the date the crime is alleged to have been committed, and the court so finds, the trial court's finding that on the date of his arrest he was a fugitive from justice of the demanding state is correct, and the refusal of his petition for *habeas corpus* is upheld. In this case petitioner was charged with abandonment and nonsupport of his wife, and the crime was alleged to have been committed on the day petitioner left the demanding state and came to North Carolina.

BROGDEN, J., dissenting.

THIS cause was heard on the return to a writ of *certiorari* issued by the Supreme Court of North Carolina, on the application of Fred J. Guerin, as a substitute for an appeal by him from an order made in the cause by *Sink, J.,* at Chambers, in the city of Greensboro, N. C., on 10 November, 1933. From GUILFORD.

The applicant, Fred J. Guerin, was arrested and held in custody by the chief of police of the city of High Point, N. C., under and by virtue of an extradition warrant issued by the Governor of North Carolina, on 13 October, 1933. The warrant was issued at the request of the Governor of Virginia, who certified to the Governor of North Carolina that the said Fred J. Guerin was charged in a criminal warrant issued by the judge of the Juvenile and Domestic Relations Court of Henry County, Virginia, on 11 October, 1933, with the crime of desertion and nonsupport of his wife, in said county and State, "on the .. . . day of ............ ......, 1933."

After his arrest, and while he was held in custody by the chief of police of the city of High Point, the said Fred J. Guerin applied to the Honorable J. Hoyle Sink, judge of the Superior Court for the 12th Judicial District of North Carolina, for a writ of *habeas corpus.* In his petition for said writ, he denied that he is a fugitive from the justice of the State of Virginia, and specifically alleged that he was not in said State at the date of the alleged crime, but that at said date he was in the State of North Carolina.

At the hearing of the petition for a writ of *habeas corpus,* the petitioner requested the judge to order the attorney for the State of Virginia to file a bill of particulars, showing the date on which it was alleged that he had deserted his wife in the State of Virginia. In response to this request, the said attorney filed a paper-writing in the proceeding in which it is alleged that the crime charged in the warrant was committed on 5 July, 1933. The petitioner then introduced as evidence a warrant issued by the judge of the Juvenile and Domestic Relations Court of Henry County, Virginia, dated 18 September, 1933, for the arrest of Fred J. Guerin on the charge that on ....... day of September, 1933, the said Fred J. Guerin unlawfully and intentionally deserted his wife, Gertrude Guerin, and thereafter failed and refused to support her. All the evidence at said hearing showed that the petitioner, Fred J. Guerin, was in the State of Virginia on 5 July, 1933; that he left said State and came to the State of North Carolina, on said day; and that he has been in the State of North Carolina continuously from and since said date.

Judge Sink found from all the evidence at the hearing of the petition for a writ of *habeas corpus,* (1) that the petitioner, Fred J. Guerin, is now duly and regularly charged in the State of Virginia with the

crime of desertion and nonsupport of his wife in Henry County, said State; (2) that at the time of his arrest under the warrant of extradition issued by the Governor of North Carolina, at the request of the Governor of Virginia, the said Fred J. Guerin was a fugitive from the justice of the State of Virginia; and (3) that the said Fred J. Guerin is now in the lawful custody of the respondent, the chief of police of the city of High Point.

On these findings of fact, the petition for a writ of *habeas corpus* was denied. The petitioner excepted, and thereafter applied to the Supreme Court for a writ of *certiorari*, as a substitute for an appeal by him from the order of Judge Sink denying his petition for a writ of *habeas corpus*, C. S., 630. The application was allowed.

*Duke & Bridges for petitioner.*
*W. R. Broaddus, Jr., and Jno. W. Carter, Jr., for Commonwealth of Virginia.*

CONNOR, J. It is well settled by authorities in this and other jurisdictions that where a person who has been arrested and is held in custody under an extradition warrant issued by the Governor of the State in which he was arrested, applies to a judge of said State for a writ of *habeas corpus*, on the ground that his arrest and detention is unlawful, and at the hearing of his application, admits that he is the person named in the warrant, and that he is properly charged with an extraditable crime in the demanding state, the only question to be determined by the judge is whether at the date of his arrest he was a fugitive from the justice of the demanding state. If the evidence shows that he was in the demanding state at the date on which it is alleged that the crime was committed, and the judge so finds, there is no error in an order denying his petition for a writ of *habeas corpus* on the ground, solely, as in the instant case, that the petitioner was not a fugitive from justice, at the date of his arrest. See *In re Bailey*, 203 N. C., 362, 166 S. E., 165. In accordance with this principle, the order in the instant case must be

Affirmed.

BROGDEN, J., dissenting: The uncontroverted, and, therefore, admitted facts disclose that on 5 July, 1933, the respondent was tried by a court of competent jurisdiction of Virginia for the desertion and abandonment of his wife, in an action entitled Commonwealth *v.* Fred J. Guerin. The judgment rendered declares that "the court . . . being of opinion that the defendant has not deserted and abandoned his wife, doth order that he be required to furnish a suitable home of his choice for his said

wife and support her to the best of his ability and station in life in his said home," etc. After said judgment was rendered the defendant immediately left Virginia, on the same day and returned to his home in North Carolina. It is neither alleged nor contended that he has ever been in the State of Virginia since said date and since his acquittal.

Consequently, the question of law presented by the record is as follows: Does an acquittal of a defendant by a court of competent jurisdiction of the demanding state, of the very crime charged in an extradition proceeding and on the very day the crime is alleged therein to have been committed; constitute fleeing the justice or evading the process and punishment of the demanding state? The problem may be otherwise stated as follows: Is presence in the courts of the demanding state on the date the crime is committed to answer and defend the very crime alleged, resulting in acquittal; "such presence in the demanding state" as to warrant extradition for the identical crime upon a subsequent warrant?

The decision in this case rests exclusively upon the formula "presence in the demanding state at the time the crime is alleged to have been committed." While all of us doubtless worship the formulas of the law and bow down before them, nevertheless, it seems to me that such formulas ought to yield to admitted facts and qualifying circumstances; otherwise we ducktrack words without reference to practical situations.