## In the Matter of ELDON STEELE.

(Filed 7 January, 1942.)

**1. Habeas Corpus § 8—**

As no appeal lies from a judgment rendered on return of writ of *habeas corpus,* except in cases involving the custody and care of children, a review is permissible by *certiorari.*

**2. Justices of the Peace § 1—**

The office of justice of the peace is provided for and vouchsafed in the Constitution. Art. IV, sec. 2.

**3. Justices of the Peace § 7: Constitutional Law § 33—**

Since a defendant in a criminal prosecution before a justice of the peace has a right to demand a jury trial, C. S., 4627, and the right to appeal to the Superior Court and have the whole matter heard therein *de novo,* C. S., 4647, the fact that the justice's compensation is fixed upon a fee basis, which he will receive only in the event of conviction, ch. 342, Public-Local Laws 1933, as amended by ch. 358, Public-Local Laws 1935, does not result in depriving the defendant of trial under due process of law in violation of the Fourteenth Amendment of the Federal Constitution.

**4. Justices of the Peace § 7: Criminal Law § 65: Habeas Corpus § 2—**

Even conceding the disqualification of a justice of the peace because of the fee system, the judgment of such justice in a criminal prosecution would be voidable and not void, and therefore such judgment would stand until its invalidity is declared in a proper proceeding for that purpose, and it cannot be collaterally attacked or challenged on *habeas corpus.*

**5. Same—**

Defendant pleaded guilty in a prosecution before a justice of the peace. Thereafter, while serving sentence, he filed petition for writ of *habeas corpus* on the ground that the justice trying him was disqualified because

of the fee system. *Held:* Even conceding the disqualification of the justice, the judgment was not void but was voidable, and the failure of defendant to raise objection at the trial constitutes a waiver and estops him from thereafter urging the point as a defect in the proceeding, and the writ of *habeas corpus* should have been dismissed.

**6. Constitutional Law § 26—**

As a general rule, subject to certain exceptions, a defendant may waive a constitutional as well as a statutory provision made for his benefit.

**7. Criminal Law § 65—**

An objection which goes only to the correctness of a judgment, and not to its validity will be taken as waived if not seasonably interposed.

**8. Same—**

A judgment regularly entered by a court having jurisdiction and authority to act in the premises, from which no appeal is taken, operates as an estoppel, even though the judgment may be erroneous in law, since an erroneous judgment can be corrected only by appeal or *certiorari.*

APPLICATION by Attorney-General on behalf of the State for *certiorari* to review judgment of *Hamilton, Special Judge,* rendered 28 April, 1941, in the Superior Court of BLADEN, on return to writ of *habeas corpus* in which Eldon Steele, held in prison camp under commitment from a justice of peace, was discharged from custody, it being found upon the hearing that the accused was held under a void judgment.

The facts are these:

1. On 14 April, 1941, in Rockingham Township, Richmond County, upon affidavit duly filed before John H. Yates, justice of the peace, a warrant was issued for Eldon Steele charging him with public drunkenness and disorderly conduct.

2. The accused appeared before the said John H. Yates, justice of the peace, and pleaded guilty to the charge contained in the warrant. The court thereupon adjudged that the defendant be imprisoned in the county jail for a term of thirty days and assigned to work upon the public roads.

3. Thereafter, on 28 April, while serving his sentence, the defendant filed petition for writ of *habeas corpus* before the judge holding the Superior Court of Bladen County, alleging that his imprisonment under commitment from a justice of the peace was violative of his constitutional rights and void.

4. At the hearing on return to the writ of *habeas corpus,* it was adjudged that "the proceedings and judgment in the trial before John H. Yates, justice of the peace, of Eldon Steele, were unconstitutional and void." Whereupon it was ordered that the prisoner be discharged from custody.

5. On 3 June following, the Attorney-General, acting for and on behalf of the State, applied for a writ of *certiorari,* alleging error in the

judgment ordering the prisoner released from custody. The application was allowed and the writ accordingly issued.

*Attorney-General McMullan and Assistants Attorney-General Bruton and Patton for the State, petitioner.*

*Albion Dunn for N. C. Association of Magistrates, amicus curiæ.*

*Thomas L. Parsons and George S. Steele, Jr., for Eldon Steele, respondent.*

*James MacClamroch for N. C. Bar Association, amicus curiæ.*

STACY, C. J. We have here a challenge to a part of the judicial system of the State. As no appeal lies from a judgment rendered on return to writ of *habeas corpus,* except in cases involving the care and custody of children, a review is permissible by *certiorari,* which has been issued in the instant case. *In re Holley,* 154 N. C., 163, 69 S. E., 872; *In re Croom,* 175 N. C., 455, 95 S. E., 903; *S. v. Phillips,* 185 N. C., 614, 115 S. E., 893; *In re Veasey,* 196 N. C., 662, 146 S. E., 599; *In re Adams,* 218 N. C., 379, 11 S. E. (2d), 163.

The order releasing the prisoner from custody is grounded on the assumption that no justice of peace, under the fee system obtaining in this jurisdiction, and particularly in Richmond County, can meet the constitutional requirement of "due process" and render a valid judgment against the accused in a criminal proceeding. Specifically the holding is, that the justice of the peace who heard the case was disqualified because of his pecuniary interest in convicting the defendant and for this reason his judgment is void. The thought prevailed at the hearing on return to the writ of *habeas corpus* that the ruling is impelled by the decision in *Tumey v. Ohio,* 273 U. S., 210, 50 A. L. R., 1243. We take a different view of the matter.

In the first place, it will be noted that the challenge is to the fee system set up by statute and not to the office of justice of the peace, which, with us, is constitutional. *Rhyne v. Lipscombe,* 122 N. C., 650, 29 S. E., 57. The "courts of justices of the peace" are mentioned as among the repositories of the State's judicial power. "The judicial power of the State shall be vested in . . . courts of justices of the peace, . . ." Const., Art. IV, sec. 2. The office, then, as such, is not under attack. It is vouchsafed in the Constitution. *Jones v. Oil Co.,* 202 N. C., 328, 162 S. E., 741.

It is provided by ch. 342, Public-Local Laws 1933, as amended by ch. 358, Public-Local Laws 1935, that "upon conviction of any person in a Justice of the Peace or Mayor's Court in Richmond County there shall be taxed against the defendant . . . a fee of two dollars ($2.00) for the use and benefit of the trial justice. . . . If the defendant is sentenced to jail to be assigned to the roads . . . the

county shall pay one-half the fees hereinbefore set forth.  .  .  .  *Provided,* that the county shall not be liable for or pay to any justice of the peace  .  .  .  a sum in excess of five dollars per month." So that in the instant case the fee of the justice of the peace amounted to not more than $1.00. Had the defendant paid the costs, it would have been $2.00. The trial justice is entitled to no compensation in case of an acquittal.

The respondent's application to the judge of the Superior Court for writ of *habeas corpus* is bottomed on the decision in the *Tumey case, supra.* There, the defendant was tried by the mayor of the village of North College Hill, Ohio, on a warrant charging him with possessing intoxicating liquor in violation of the Ohio statute. At the threshold of the case, the defendant moved for a dismissal because of the disqualification of the mayor to try him under the due-process clause of the *Fourteenth Amendment.* The mayor denied the motion, proceeded to trial, convicted the defendant, fined him $100, and ordered that he be imprisoned until the fine and costs were paid. The mayor's fee in case of conviction was $12.00; and in addition thereto the village over which he presided, then in need of finances, was to receive one-half of the fine imposed. The mayor and the village both profited in substantial amounts from the running of "the liquor court," as it was popularly called. In case of acquittal, the mayor received no compensation. Under the Ohio law, the trial of the defendant was before the mayor without a jury, without opportunity for retrial, and with a review confined to questions of law. Out of these circumstances came the pronouncement: "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law." To like effect is the decision in *S. v. Hartley,* 193 N. C., 304, 136 S. E., 868.

The facts in the instant case are quite different from those appearing in the *Tumey case, supra.* Here, the defendant, without any preliminary challenge, entered a plea of guilty. He did not demand a jury trial, as he might have done. C. S., 4627. Nor did he ask the justice of the peace to hold the balance "nice, clear and true" between him and the State. Even so, he still had the right to appeal to the Superior Court of the county. *S. v. McKnight,* 210 N. C., 57, 185 S. E., 437. Hence, it appears that in no event was the defendant required to submit to the judgment of the justice of the peace as a final determination of his rights. *S. v. Warren,* 113 N. C., 683, 18 S. E., 498. Had he entered a plea of not guilty, or if he did not feel justified in entering a plea of traverse, had he remained silent, he could have appealed from the judgment entered and the whole matter would have been heard in the Superior Court *de novo. S. v. Koonce,* 108 N. C., 752, 12 S. E., 1032. "In

all cases of appeal," from the sentence of the justice to the Superior Court of the county, "the trial shall be anew, without prejudice from the former proceedings." C. S., 4647. These facts take the present case out of the doctrine announced in the *Tumey case, supra,* and the authorities so hold. *Brooks v. Town of Potomac,* 149 Va., 427, 141 S. E., 249; *Tari v. State,* 117 Ohio St., 481, 159 N. E., 594, 57 A. L. R., 284, and cases cited.

Moreover, even if the disqualification of the trial justice be conceded, by the clear weight of authority the effect would be to render his judgment voidable, and not void. *Tari v. State, supra.* See *White v. Lane,* 153 N. C., 14, 68 S. E., 895. A void judgment is a nullity, and may be ignored or disregarded, vacated on motion or attacked on *habeas corpus. Casey v. Barker,* 219 N. C., 465, 14 S. E. (2d), 429. But a voidable judgment has all the ordinary consequences of a legal judgment until its invalidity is declared in a proper proceeding for the purpose, and it may not be attacked collaterally or challenged on *habeas corpus. Craddock v. Brinkley,* 177 N. C., 125, 98 S. E., 280; Note, Ann. Cas., 1914 B, 82; 15 R. C. L., 839.

There is also authority for the position that in the absence of some controlling constitutional or statutory provision, a failure to raise objection at the trial, when the party complaining had full knowledge of the existence of the disqualification, constitutes a waiver and estops him from thereafter urging the point as a defect in the proceeding. *Bryant v. State,* 146 Miss., 533, 112 So., 675; *Washington Fire Ins. Co. v. Hogan,* 139 Ark., 130, 213 S. W., 7, 5 A. L. R., 1585, and annotation.

It is further the rule with us that an objection which goes only to the correctness of a judgment, and not to its validity, will be taken as waived if not seasonably interposed. *Mfg. Co. v. Building Co.,* 177 N. C., 103, 97 S. E., 718; *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629. "Moreover, it is the general rule, subject to certain exceptions, that a defendant may waive a constitutional as well as a statutory provision made for his benefit. Sedgwick Stat. and Const. Law, p. 111. And this may be done by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it." *Cameron v. McDonald,* 216 N. C., 712, 6 S. E. (2d), 497.

A judgment regularly entered by a court having jurisdiction and authority to act in the premises, from which no appeal is taken, operates as an estoppel on the parties, though the judgment may be erroneous in law. *Cameron v. McDonald, supra.* "An erroneous judgment should be corrected by appeal or *certiorari." Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7.

It results, therefore, that the prisoner was lawfully in custody. The writ of *habeas corpus* should have been dismissed.

Reversed.