Accepting plaintiffs' allegations, the said deed was a deed of gift from Mrs. Lena P. Edwards to Adelia Edwards Batts and husband, William Frederick Batts. A deed of gift, duly signed and delivered, is an executed contract. If recorded within the time prescribed by G.S. 47-26, it is valid, as between the parties and their heirs, without consideration, good or valuable. 16 Am. Jur., Deeds sec. 57; 26 C.J.S., Deeds sec. 16; *Howard v. Turner,* 125 N.C. 107, 34 S.E. 229; *Little v. Little,* 205 N.C. 1, 169 S.E. 799.

Examination of decisions cited by plaintiffs disclose that different factual situations, calling for the application of different principles of law, were involved.

Upon the facts alleged, Adelia Edwards Batts and husband, William Frederick Batts, by virtue of said deed, acquired title to the land in controversy, as tenants by entirety; and upon the death of Adelia Edwards Batts, intestate, William Frederick Batts, as surviving tenant, became sole owner thereof.

Affirmed.

----

STATE v. BENNY MOORING.

(Filed 27 March, 1957.)

**Criminal Law § 55—**

> Denial of motion in a criminal action for a new trial for attaint of jury and for newly discovered evidence, made at the next succeeding term of the Superior Court after affirmance of judgment of conviction by the Supreme Court, *held* properly denied on authority of *S. v. Grass,* 223 N.C. 859.

APPEAL by defendant from *Moore, J.,* January, 1957 Criminal Term, LENOIR Superior Court.

Criminal prosecution upon a charge of felonious assault tried at the March Term, 1956, Lenoir Superior Court. From a verdict of guilty of assault with a deadly weapon and judgment thereon, the defendant appealed to this Court and the judgment was affirmed. *S. v. Mooring,* 244 N.C. 624, 94 S.E. 2d 573. At the next term of Lenoir Superior Court after the opinion was certified, the defendant lodged a motion for a new trial on two grounds: (1) That two jurors gave false and deceptive answers on their *voir dire* as to their qualifications; and (2) that the defendant could produce newly discovered and material evidence not available at the former trial. Judge Clifton L. Moore heard the motion, found that the jurors had truthfully answered questions, and that the newly discovered evidence was merely cumulative; and

upon the findings denied the motion. The defendant excepted and appealed.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*White & Aycock for defendant, appellant.*

PER CURIAM. On the authority of *S. v. Grass,* 223 N.C. 859, 27 S.E. 2d 443, and cases cited in that opinion, the judgment of the Superior Court of Lenoir County is
  Affirmed.

---

## STATE v. DOROTHY HEATH CAULEY.

(Filed 27 March, 1957.)

APPEAL by defendant from *Parker, J.,* at December 1956 Term, of LENOIR.

Criminal prosecution upon a bill of indictment containing two counts —the second being that upon which defendant now stands convicted. It charges "That Dorothy Heath Cauley, late of Lenoir County, on the 27th day of June A. D. 1956, at and in said County, did wilfully and unlawfully assault Dorothy Diane Heath, a female child about three years of age, with a deadly weapon, to-wit: a heavy leather belt strap with a metal buckle thereon, resulting in serious injury to said child, in that she, the said Dorothy Heath Cauley, was present encouraging, assisting, aiding and abetting William David Cauley, a male person over 18 years of age, in perpetrating such assault upon a female, resulting in serious injury, and in that she, said Dorothy Heath Cauley, rendered personal assistance to him, the said William David Cauley, to aid him in concealing such assault on said child and in escaping arrest and punishment therefor,"—it being made to appear that Dorothy Diane Heath is child of defendant, and that William David Cauley is husband of defendant.

Upon a former trial the jury found this defendant guilty on the second count in the indictment against her, and said nothing as to the first count. That this Court held in former appeal, 244 N.C. 701, 94 S.E. 2d 915, was equivalent to a verdict of not guilty as to the first count, citing *S. v. Choate,* 228 N.C. 491, 46 S.E. 2d 476. On such former appeal error was found in the charge,—the Court saying that "when a wife commits a crime like the offense charged in the present case in the presence of her husband, there is a rebuttable presumption that she