In re BENJAMIN EDGAR RENFROW (STATE v. RENFROW)

(Filed 30 October, 1957)

1. **Habeas Corpus § 8—**

 Except in cases involving the custody of minor children, no appeal lies from a judgment rendered on return to a writ of *habeas corpus*, the remedy, if any, being by petition for a writ of *certiorari* addressed to the sound discretion of the Supreme Court. G.S. 17-40.

2. **Appeal and Error § 2—**

 The Supreme Court may treat a purported appeal from a judgment rendered on return to a writ of *habeas corpus* as a petition for *certiorari* in order to clarify an important question of practice presented by the record. Constitution of North Carolina, Art. IV, § 8.

3. **Habeas Corpus § 2—**

 The sole question for determination upon *habeas corpus* hearing for alleged unlawful imprisonment is whether petitioner is then being unlawfully deprived of his liberty.

4. **Habeas Corpus § 6—**

 *Habeas corpus* is a high prerogative writ to be made returnable at a certain time and place specified therein, and the particular judge before whom it is returnable need not be either the resident or the presiding judge of a particular judicial district or the presiding judge at any particular term of court.

5. **Criminal Law § 125—**

 A motion for new trial on the ground of newly discovered evidence made on the day the clerk of the superior court receives the certificate of the Supreme Court affirming the judgment appealed from is made in apt time.

6. **Courts § 10: Criminal Law § 125—**

 Construing G.S. 7-70 and G.S. 7-73 *in pari materia*, it is *held* that no criminal business, including a hearing on any motion which, if allowed, would set aside a verdict and judgment on the criminal docket, such as a motion for new trial on the ground of newly discovered evidence, may be determined at a term of court expressly restricted by statute for the trial of civil cases only.

7. **Criminal Law § 169—Clerk properly issues commitment upon receipt of certificate of Supreme Court affirming judgment of conviction.**

Upon receipt of certificate of the Supreme Court affirming a final judgment of conviction for an offense less than a capital felony, the clerk of the superior court properly issues commitment to the sheriff and the sheriff properly proceeds to execute the sentence which was appealed from, G.S. 15-186, and the fact that the court allows motion of the solicitor for capias and commitment prior to the issuance of the commitment by the clerk adds nothing to the authority vested in the clerk by the statute, nor does the fact that the solicitor had theretofore advised the defendant to appear in court to be taken into custody on a date subsequent to the solicitor's motion for capias and commitment affect the validity of the commitment when defendant is not taken into custody until the date specified.

8. **Same: Criminal Law § 125: Arrest and Bail § 8—**

The fact that a defendant has made a motion for a new trial on the ground of newly discovered evidence upon certification of the decision of the Supreme Court affirming final judgment of conviction, does not affect the provisions of G.S. 15-186 or entitle defendant to bond as a matter of right pending hearing upon his motion.

9. **Habeas Corpus § 2—**

Where, upon return of a writ of *habeas corpus*, it appears that defendant had been taken into custody under G.S. 15-186 upon certification of decision of the Supreme Court affirming final judgment of conviction, and that defendant had aptly made a motion in the trial court for a new trial on the ground of newly discovered evidence, whether defendant should be released under bond conditioned upon his appearance at the next term for the trial of criminal cases for final hearing on his motion rests in the sound discretion of the judge, and the court's order discharging the writ and ordering the petitioner into custody is not reviewable.

10. **Same: Criminal Law § 125—Motion for new trial for newly discovered evidence may not be determined at civil term.**

Where, upon return of a writ of *habeas corpus*, it appears that petitioner had aptly made motion for a new trial on the ground of newly discovered evidence after affirmance of final judgment of conviction, the hearing judge at a civil term is limited to determining whether, on petitioner's evidence, he will exercise his discretionary power to release petitioner under bond conditioned on his appearance at the next term of court for the trial of criminal cases for final hearing on his motion, and it is error for the court to determine the motion for a new trial on its merits at the civil term.

On *certiorari* to review order of *Morris, J.*, entered April 23, 1957, after hearing during April 22nd Civil Term, 1957, of DUPLIN, on return to writ of *habeas corpus*.

At August Term, 1956, of Duplin, petitioner was tried and convicted of manslaughter; and the court pronounced judgment that he be confined in the State's Prison for a term of not less than four and not more than six years. On appeal, this Court found no error in the trial and judgment. *S. v. Renfrow*, 245 N.C. 665, 97 S.E. 2d 218.

On April 2, 1957, the Clerk of the Superior Court of Duplin County received this Court's certificate of its opinion; and on April 5, 1957, said clerk issued a commitment to the Sheriff of Duplin County under which petitioner was taken into custody by said sheriff.

Thereafter, on April 5, 1957, while petitioner was imprisoned in the Duplin County Jail, Judge Frizzelle, upon petitioner's application, issued a writ of *habeas corpus* returnable before Judge McKeithen, Special Judge presiding over the April 8, 1957, Term of Sampson Superior Court, on April 8, 1957, at 2:30 p.m., at the Courthouse in Clinton; and at said time and place the matter was heard by Judge McKeithen.

The facts alleged by petitioner as the basis for his contention that he was then unlawfully imprisoned are as follows: The April 1st Criminal Term, 1957, of Duplin, convened April 1, 1957, and adjourned April 2, 1957. Prior to April 1, 1957, petitioner "contacted" the district solicitor and "was told to make his appearance in open Court at 9:30 a.m., Friday, April 5, 1957." Petitioner made his appearance at said time and place "and was prepared, through his attorneys, to make a motion for a new trial on the grounds of newly discovered evidence," but then discovered that on Tuesday, April 2nd, the district solicitor "had made a motion for commitment and capias to issue," and after petitioner was called in open court, said motion was allowed without notice to petitioner or his attorneys. On Friday, April 5th, petitioner filed with said clerk a motion, affidavit and notice, the motion being for a new trial on the ground of newly discovered evidence, and requested (1) that these be served upon the district solicitor, and (2) that he be allowed to remain at liberty under his appearance bond until the next term for the trial of criminal cases, to wit, the August Term, 1957, but said clerk "denied authority to continue (petitioner's) appearance bond and issued said commitment order to the Sheriff of Duplin County who thereupon took (petitioner) in custody."

By order of Judge McKeithen, the matter was "transferred to the Superior Court of Duplin County to be heard by the Judge presiding at the April 22nd Term of the said Court or at such other term as the Judge may designate," and petitioner was

"permitted to give an appearance bond in the sum of $8,000 for his appearance at said term or at any term designated by said Court." The facts recited in said order are substantially in accord with said allegations in the petition for writ of *habeas corpus*. Judge McKeithen noted that there had been no hearing on petitioner's motion for a new trial on the ground of newly discovered evidence.

On April 23, 1957, pursuant to Judge McKeithen's order, the matter came on for hearing before Judge Morris, then presiding over the April 22nd Civil Term, 1957, of Duplin. Prior to such hearing petitioner, in apt time, moved that his motion for a new trial on the ground of newly discovered evidence be heard at the August Term, 1957, of Duplin, "in that this Court, holding a Civil Term is without jurisdiction to try a criminal action." Petitioner's Exception No. 1 is to the denial of this motion.

Thereupon, petitioner presented evidence pertinent to the motion for a new trial on the ground of newly discovered evidence. Judge Morris made certain findings of fact; and, upon such findings of fact, and in his discretion, Judge Morris denied the motion. Petitioner's Exception No. 2 is to this ruling.

The order entered by Judge Morris (1) denied, in his discretion, the motion for a new trial on the ground of newly discovered evidence; (2) discharged the writ of *habeas corpus* theretofore issued; and (3) ordered that petitioner be committed to serve the sentence imposed by judgment pronounced at August Term, 1956. Petitioner excepted, gave notice of appeal, and brought the matter to this Court in the manner appropriate for perfecting an appeal.

*Attorney-General Patton and Assistant Attorney-General Mc-Galliard for the State.*

*William E. Craft and Carl V. Venters for defendant, appellant.*

BOBBITT, J. Except in cases involving the custody of minor children, G.S. 17-40, no appeal lies from a judgment rendered on return to a writ of *habeas corpus*. *In re Steele,* 220 N.C. 685, 687, 18 S.E. 2d 132, and cases cited. The remedy, if any, is by petition for a writ of *certiorari,* addressed to the sound discretion of this Court. *In re Lee Croom,* 175 N.C. 455, 95 S.E. 903.

Under the rules stated, petitioner's purported appeal would be dismissed. However, to clarify the important question of practice presented by the record, this Court deems it appropriate to treat petitioner's purported appeal as a petition for writ of *certiorari.* Art. IV, Sec. 8, Constitution of North Carolina; *S. v.*

*Burnette,* 173 N.C. 734, 739, 91 S.E. 364. So treated, the petition is allowed; and we consider the questions presented as upon return to our writ of *certiorari.*

The sole question for determination upon *habeas corpus* hearing *for alleged unlawful imprisonment* is whether petitioner is then being unlawfully deprived of his liberty. *In re Swink,* 243 N.C. 86, 92, 89 S.E. 2d 792; *In re Young,* 222 N.C. 708, 24 S.E. 2d 539; *In re Samuel Parker,* 144 N.C. 170, 56 S.E. 878; 25 Am. Jur., Habeas Corpus Sec. 2; 39 C.J.S., Habeas Corpus Sec. 4. In this connection, it is noted that the writ of *habeas corpus,* a "high prerogative writ," is to be made returnable at a certain time and place specified therein; and the particular judge before whom it is returnable *need not be* either the resident or the presiding judge of a particular judicial district or the presiding judge at any particular term of court. *McEachern v. McEachern,* 210 N.C. 98, 185 S.E. 684.

It appears that the April 1, 1957, Criminal Term of Duplin, adjourned April 2, 1957, the very day the clerk received this Court's certificate of its affirmance of the judgment pronounced at August Term, 1956; and that petitioner's said motion was made April 5, 1957, the very day he was to make his appearance at said April 1st Criminal Term, 1957. Unquestionably, his said motion was made in apt time. *S. v. Casey,* 201 N.C. 620, 161 S.E. 81; *S. v. Cox,* 202 N.C. 378, 162 S.E. 907; *S. v. Moore,* 202 N.C. 841, 163 S.E. 700; *S. v. Lea,* 203 N.C. 316, 166 S.E. 292; *S. v. Edwards,* 205 N.C. 661, 172 S.E. 399; *S. v. Dunheen,* 224 N.C. 738, 32 S.E. 2d 322; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520; *S. v. Smith,* 245 N.C. 230, 95 S.E. 2d 576; *S. v. Mooring,* 245 N.C. 698, 97 S.E. 2d 117.

Petitioner's position, as asserted in his petition for writ of *habeas corpus,* was that he was entitled to be at liberty under bond pending the hearing at August Term, 1957, of his motion for a new trial on the ground of newly discovered evidence.

Petitioner did not request or consent that Judge Morris hear this motion at the April 22nd Civil Term, 1957. On the contrary, prior to the hearing by Judge Morris, petitioner insisted that this motion was for hearing and determination at the August Term, 1957.

The sole question presented at the hearings before Judge McKeithen and Judge Morris on return to writ of *habeas corpus* was whether petitioner was then unlawfully imprisoned. Nothing in the record indicates that petitioner's motion for a new trial on the ground of newly discovered evidence had been set for hearing either before Judge McKeithen or before Judge Morris. It is noted that Judge McKeithen's order, transferring

the matter for hearing by the presiding judge at the April 22nd Civil Term, 1957, of Duplin, simply allowed the petitioner to be at liberty under bond pending further hearing on return to the writ of *habeas corpus*. Petitioner's assignments of error are directed to the order of Judge Morris.

Except as otherwise provided, each term of superior court "shall continue in session one week and be for the trial of criminal and civil cases . . . unless the business thereof shall be sooner disposed of." G.S. 7-70. Thus, except as otherwise provided, each term of court is a combination or mixed term, that is, a term for the trial of both criminal and civil cases. But G.S. 7-70 expressly provides otherwise as to many specific terms of court.

With reference to Duplin County, G.S. 7-70, in pertinent part, provides: (1) That the term referred to herein as the April 1st Criminal Term, 1957, was a term to commence "the fourth Monday after the first Monday in March to continue one week for the trial of criminal cases only." (2) The term referred to herein as the April 22nd Civil Term, 1957, was a term to commence "the seventh Monday after the first Monday in March to continue one week for the trial of civil cases only." (3) The term referred to herein as the August Term, 1957, was a term to commence "the first Monday before the first Monday in September"; and this term, because not otherwise provided, was a term for the trial of both criminal and civil cases.

G.S. 7-73 provides: "No criminal business at civil terms.—No grand juries shall be drawn for the terms of court designated by law as being for the trial of civil cases exclusively, and the solicitors shall not be required to attend upon any exclusively civil terms, unless there are cases on the civil docket in which they officially appear, and no criminal process shall be returnable to any term designated for the trial of civil actions alone."

Provisions now incorporated in G.S. 7-73 may be traced to Secs. 3 and 7 of Ch. 28, Public Laws of 1901; and provisions now incorporated in G.S. 7-70, including the designation of certain terms "for the trial of civil cases only," may be traced to other sections of said 1901 Act. Provisions of Secs. 3 and 7 of said 1901 Act were codified as Sec. 1508, Revisal of 1905, and as Sec. 1445, Consolidated Statutes of 1919, and as G.S. 7-73. It is noteworthy that Sec. 1508, Revisal of 1905, bears the caption, "No grand jury drawn nor criminal process returnable to or solicitors attend, civil terms"; but, when the General Assembly adopted the Consolidated Statutes of 1919, the caption was changed to that now appearing in G.S. 7-73, to wit, "No criminal business at civil terms." It is noted further that said Act of 1901, also an amendatory statute, to wit, Ch. 196, Public Laws of 1913, contained

the provision "that no criminal process shall be returnable to any term designated *in this act* for the trial of civil actions alone." (Italics added.) Moreover, Sec. 1508, Revisal of 1905, contained the provision that "no criminal process shall be returnable to any term designated *in this chapter* for the trial of civil actions alone." (Italics added.) It is obvious that G.S. 7-70 and G.S. 7-73 are parts of one pattern and are to be construed *in pari materia.*

When G.S. 7-70 and G.S. 7-73 are so construed, the legislative intent is clear, and we so hold, that a motion which, if allowed, would set aside a verdict and judgment in a case on the criminal docket, specifically, a motion for a new trial on the ground of newly discovered evidence, may not be determined at a term, such as the April 22nd Civil Term, 1957, of Duplin, expressly restricted by statute as a term "for the trial of civil cases only." Such a motion is for determination at a term of the court (in which the verdict and judgment to which the motion is addressed were rendered) provided for the trial of criminal cases. Consequently, petitioner was entitled to have his motion heard at August Term, 1957; and his assignment of error based on his Exception No. 1 is sustained.

Even so, petitioner was not entitled to be at liberty under bond as a *matter of right* pending the hearing of the motion. Here, the clerk did exactly what G.S. 15-186 explicitly provided that he should do, namely, issue commitment to the sheriff; and the sheriff did exactly what G.S. 15-186 explicitly provided that he should do, namely, "proceed to execute the sentence which was appealed from." It is noted that the sentence appealed from was imposed by a *final* judgment pronounced at August Term, 1956. Compare: *S. v. Bowser,* 232 N.C. 414, 61 S.E. 2d 98. G.S. 17-4 provides that "application to prosecute the writ shall be denied . . . (2) where persons are committed or detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such final order, judgment or decree." *In re Taylor,* 229 N.C. 297, 303, 49 S.E. 2d 749, and cases cited.

Accepting at face value petitioner's allegations, the assurance by the district solicitor that petitioner need not appear until Friday, April 5th, had no bearing upon the right and duty of the clerk and sheriff to proceed under G.S. 15-186. Moreover, there is nothing to suggest that, when he "contacted" the district solicitor, petitioner intimated that he intended to move at the April Criminal Term, 1957, or thereafter, for a new trial on the ground of newly discovered evidence. Rather, the implication is that the district solicitor did nothing more than assure

petitioner that he need not appear to be taken into custody until Friday, April 5th; and petitioner was not taken into custody until that date.

The calling of petitioner and the allowance of the solicitor's motion for capias and commitment added nothing to the authority vested in the clerk by G.S. 15-186. No question is presented as to the relevancy of this fact in relation to the liability of those obligated on petitioner's appearance bond.

The fact that petitioner made a motion for a new trial on the ground of newly discovered evidence did not suspend or otherwise affect the express provisions of G.S. 15-186 or entitle petitioner to bond as a matter of right pending hearing thereon. At the hearing on return to writ of *habeas corpus,* the precise question, as related to matters pertinent to petitioner's pending motion for a new trial on the ground of newly discovered evidence, was limited to whether petitioner's evidence was of sufficient weight to cause the judge, in his discretion, to release petitioner under bond conditioned on his appearance at the next term for the trial of criminal cases *for final hearing* on his said motion.

It appears that Judge Morris, over petitioner's objection, proceeded to hear the motion for a new trial as upon a final hearing of such motion. In this, we hold that he was in error. However, it is noted that, upon findings of fact to which there is no exception, and in the exercise of his discretion, he denied the motion. Had the motion been properly before him on such hearing, the ruling of Judge Morris would not be subject to review on appeal; for there is no suggestion of abuse of discretion. *S. v. Williams,* 244 N.C. 459, 94 S.E. 2d 374. *A fortiori,* no appeal lies from his discretionary denial of petitioner's asserted right to be released under bond pending final hearing on the motion.

The result is that the portion of Judge Morris' order discharging the writ of *habeas corpus* and ordering the petitioner into custody is affirmed; but, petitioner having made his motion for a new trial on the ground of newly discovered evidence in apt time, the order of Judge Morris should be modified so that petitioner may be heard *de novo* on his said motion at a term of Duplin Superior Court for the trial of criminal cases. It is so ordered.

Modified and affirmed.