### ALTON B. BELL v. MARY LOU SMITH.

(Filed 3 March, 1965.)

**1. Insane Persons § 10—**

Where the Superior Court on appeal affirms the clerk's order appointing a guardian *ad litem* for defendant, the order of appointment rests upon the statutory authority of the clerk and the inherent authority of the court, and such appointment will not be set aside for the want of a finding that defendant was *non compos mentis* (G.S. 1-65.1).

**2. Appeal and Error § 3—**

The appointment of a guardian *ad litem* for a defendant is an interlocutory order, and when it appears that the guardian filed answer containing a general denial of plaintiff's allegations, the appointment does not affect a substantial right, and an appeal from the order will be dismissed as premature.

APPEAL by plaintiff from *Campbell, J.,* December 14, 1964 Session of GASTON.

Plaintiff instituted this action November 30, 1963 to recover for damages, actual and punitive, allegedly caused by false, slanderous and malicious statements of defendant.

The order affirmed by this Court on former appeal, *Bell v. Smith,* 262 N.C. 540, 138 S.E. 2d 34, overruled a motion by defendant's counsel to quash the service of summons and complaint made on defendant while confined in the State Hospital for the insane.

In the superior court, all on December 14, 1964, the following occurred: On motion of defendant's counsel, the clerk of the superior court appointed Robert E. Gaines as guardian *ad litem* for defendant "to act for and defend this action in her behalf." Gaines accepted said appointment and as such guardian *ad litem* verified and filed an answer in defendant's behalf. Plaintiff moved before Judge Campbell, then presiding over the December 14, 1964 Session, that the clerk's order appointing said guardian *ad litem* be vacated. Judge Campbell found "as a fact" that "said Order of Appointment was proper" and entered an order approving and confirming the clerk's order. Plaintiff appealed.

*W. N. Puett for plaintiff appellant.*

*Hollowell & Stott, Frank Patton Cooke and Joseph B. Roberts, III, for defendant appellee.*

BOBBITT, J. The only question is whether Judge Campbell erred in approving and confirming the clerk's order.

On former appeal, this Court said: "If a defendant in a civil action is *non compos mentis*, he must defend by general or testamentary guardian if he has one within the State, otherwise by guardian *ad litem* to be appointed by the court. *Hood v. Holding*, 205 N.C. 451, 171 S.E. 633 . . . Either party, or the court upon its own motion, may initiate proceedings for the appointment of a guardian *ad litem* before any hearing on the merits." In this connection, see *Moore v. Lewis*, 250 N.C. 77, 80, 108 S.E. 2d 26, and cases cited.

Plaintiff contends the clerk's order is based on the unverified motion of defendant's counsel; that the motion contains no statement and the clerk's order contains no finding that defendant was *non compos mentis;* and that, absent an evidence-supported finding that defendant was *non compos mentis*, the clerk had no authority under G.S. 1-65.1 to appoint a guardian *ad litem* for defendant. In this connection, it is noted that Judge Campbell, whose authority was inherent and not statutory, approved and confirmed the clerk's order. Hence, the appointment of the guardian *ad litem* on December 14, 1964, rests on the authority of both clerk and judge. In this connection, see *Carraway v. Lassiter*, 139 N.C. 145, 152, 51 S.E. 968.

The clerk and Judge Campbell acted on the basis of undisputed facts disclosed by the records of the Superior Court of Gaston County, to wit:

Defendant Mary Lou Smith, indicted for murder, was arraigned at October 7, 1963 Criminal Session. Upon arraignment, pursuant to suggestion by her counsel, a jury was selected and impaneled and evidence was presented by defendant and by the State on the following issue: "Does the defendant have sufficient mental capacity to understand the nature and quality of the charges against her, and to plead to the Bill of Indictment, and to assist her counsel in her defense?" The jury, after hearing the evidence and argument of counsel, answered this issue, "No," and thereupon the presiding judge committed defendant to the Dorothea Dix State Hospital in Raleigh, N. C., as provided in G.S. 122-84. She was confined in said hospital when served with summons and complaint herein. Too, she was confined in said hospital on December 14, 1964. Counsel who represented defendant at said October 7, 1963 Criminal Session have represented and now represent defendant in this action.

The foregoing facts constituted ample basis for the orders of December 14, 1964 relating to the appointment of Gaines as guardian *ad litem* for defendant. The validity of these orders is unaffected by the circumstance that the clerk had received a letter "from the Superintendent of the hospital which states that she's now able to plead to the Bill of Indictment and to stand trial."

The orders of December 14, 1964 (1) are interlocutory, and (2) do not affect any substantial right of plaintiff. The said orders are not relevant to the issues for determination in plaintiff's action. Incidentally, it is noted that the answer filed by the guardian *ad litem* consists of a general denial of plaintiff's allegations. Hence, notwithstanding no reason appears to disturb said orders of December 14, 1964, dismissal of plaintiff's appeal is considered the appropriate disposition thereof. G.S. 1-271; G.S. 1-277; *Buick Co. v. General Motors Corp.*, 251 N.C. 201, 205, 110 S.E. 2d 870, and cases cited.

Appeal dismissed.