STATE OF TEXAS v. ELBERT RHOADES
No. 7023SC138

(Filed 25 February 1970)

**Habeas Corpus § 4; Extradition— legality of restraint — appellate review**

No appeal lies from an order entered in a *habeas corpus* hearing that inquired into the legality of defendant's restraint under extradition proceedings instituted by another state; but the remedy, if any, is by petition for writ of *certiorari* addressed to the sound discretion of the appellate court.

ATTEMPTED appeal by defendant from an order of *Gambill, J.,* dated 17 October 1969, denying relief upon a habeas corpus proceeding.

At the November 1967 Term, 175th District Court of Bexar County, Texas, the grand jury returned a true bill of indictment charging Elbert Rhoades with the offense of conversion by a bailee of property of a value of $50.00 and over, under the provisions of Article 1429 of the Penal Code, Vernon's Texas Statutes.

On 27 February 1968, application was made by the District Attorney for the County of Bexar, Texas, to the Governor of the State of Texas requesting issuance of a requisition to the Governor of North Carolina for the apprehension of and the return of Elbert Rhoades to the State of Texas. On 5 March 1968, the Governor of the State of Texas forwarded to the Governor of North Carolina a request for the extradition of Elbert Rhoades in accordance with the Uniform Criminal Extradition Act.

After defendant was granted a hearing before the Chairman of the Board of Paroles, the Governor of North Carolina, on 12 April 1968, issued his warrant for the arrest of defendant in accordance with the Uniform Criminal Extradition Act, G.S. 15-55, et seq.

On 17 April 1968, defendant filed an application for a writ of habeas corpus to inquire into the legality of his restraint. The application was filed with Judge Gambill, Resident Judge of the Twenty-third Judicial District, which includes Wilkes County, North Carolina, wherein defendant was confined by the sheriff. On 17 April 1968, Judge Gambill issued a writ of habeas corpus requiring the production before him of the person of the defendant on 17 May 1968. The defendant having been allowed to post an appearance bond, and having duly posted such bond, the hearing on the return to the writ of habeas corpus was postponed from time to time without objection by defendant or the State.

On 17 October 1969, the hearing on the return to the writ was held before Judge Gambill, and by his order dated 17 October 1969, filed 1 November 1969, Judge Gambill found that defendant was in the State of Texas at the time the crime is alleged to have been committed, and he further found that defendant is the person sought by the State of Texas in this extradition proceeding. Judge Gambill thereafter dissolved the writ of habeas corpus and directed that defendant be returned to the State of Texas. Defendant gave notice of appeal and docketed a record on appeal in this Court.

*Robert Morgan, Attorney General, by Dale Shepherd, Staff Attorney, for the State.*

*McElwee, Hall & Herring, by John E. Hall, for defendant appellant.*

STATE v. DENNIS

BROCK, J.

This is an attempted appeal from an order entered at the conclusion of a habeas corpus hearing to inquire into the legality of defendant's restraint under extradition proceedings instituted by the State of Texas.

"Except in cases involving the custody of minor children, G.S. 17-40 [repealed in 1967 but reprovided by G.S. 50-13.5(b)(2)], no appeal lies from a judgment rendered on return to a writ of habeas corpus. *In re Steele*, 220 N.C. 685, 687, 18 S.E. 2d 132, 134, and cases cited; *In re Renfrow, supra* [247 N.C. 55, 59, 100 S.E. 2d 315, 317]. The remedy, if any, is by petition for writ of certiorari, addressed to the sound discretion of the appellate court. *In re Lee Croom*, 175 N.C. 455, 95 S.E. 903." *State v. Lewis*, 274 N.C. 438, 441, 164 S.E. 2d 177. See also, *In re Palmer*, 265 N.C. 485, 144 S.E. 2d 413; *State v. Burnette*, 173 N.C. 734, 739, 91 S.E. 364; *In re Wilson*, 3 N.C. App. 136, 164 S.E. 2d 56; *State v. Green*, 2 N.C. App. 391, 163 S.E. 2d 14; 2 McIntosh, N.C. Practice 2d, § 2464(9). The same rule applies to hearings on return to writs of habeas corpus in extradition proceedings. *In re Malicord*, 211 N.C. 684, 191 S.E. 730; *In re Guerin*, 206 N.C. 824, 175 S.E. 181; *In re Bailey*, 203 N.C. 362, 166 S.E. 165; *In re Hubbard*, 201 N.C. 472, 160 S.E. 569.

As an attempted appeal, the same must be dismissed. However, we have considered the record and brief as a petition for writ of certiorari, and, after reviewing the record, we deny the same.

Appeal dismissed.

Petition denied.

BRITT and GRAHAM, JJ., concur.