IN THE MATTER OF THE CUSTODY OF JOHN GRAHAM WRIGHT

No. 7011SC240

(Filed 27 May 1970)

**Habeas Corpus § 4;    Insane Persons § 11—    legality of restraint at Dix Hospital — appellate review**

     No appeal lies from an order entered in a habeas corpus hearing that inquired into the legality of petitioner's restraint at the Dorothea Dix Hospital; petitioner's remedy, if any, is by petition for writ of certiorari addressed to the sound discretion of the appellate court.

ATTEMPTED appeal by petitioner John Graham Wright from *Carr, J.,* 9 January 1970 Session of HARNETT County Superior Court.

The judgment from which this appeal is attempted was entered upon the return of a writ of habeas corpus inquiring into the legality of petitioner's restraint at the Dorothea Dix Hospital where he was duly committed pursuant to G.S. 122-84 by an order of the Superior Court of Harnett County on 13 March 1967. Petitioner did not appeal from the entry of the original order of committal. Although petitioner was present at the hearing upon the return of the writ and was represented by counsel, he offered no evidence. After hearing evidence tending to show the legality of petitioner's restraint, Judge Carr found petitioner to be held in legal custody and ordered that he so remain.

*Attorney General Robert Morgan by Staff Attorney Dale Shepherd for the State.*

*Seawell, Van Camp and Morgan by H. F. Seawell, Jr., for petitioner appellant.*

VAUGHN, J.

" 'Except in cases involving the custody of minor children, G.S. 17-40 [repealed in 1967 but reprovided by G.S. 50-13.5(b) (2) ], no appeal lies from a judgment rendered on return to a writ of habeas corpus. *In re Steele,* 220 N.C. 685, 687, 18 S.E. 2d 132, 134, and cases cited; *in re Renfrow, supra* [247 N.C. 55, 59, 100 S.E. 2d 315, 317]. The remedy, if any, is by petition for writ of certiorari, addressed to the sound discretion of the appellate court. *In re Lee Croom,* 175 N.C. 455, 95 S.E. 903.' *State v. Lewis,* 274 N.C. 438, 441, 164 S.E. 2d 177. See also *In re Palmer,* 265 N.C. 485, 144 S.E. 2d 413; *State v. Burnette,* 173 N.C. 734, 739, 91 S.E. 364; *In re Wilson,* 3 N.C. App. 136, 164 S.E. 2d 56; *State v. Green,* 2 N.C. App. 391, 163 S.E. 2d 14; 2 McIntosh, N.C. Practice 2d, § 2464(9). The same

rule applies to hearings on return to writs of habeas corpus in extra-dition proceedings. *In re Malicord,* 211 N.C. 684, 191 S.E. 730; *In re Guerin,* 206 N.C. 824, 175 S.E. 181; *In re Bailey,* 203 N.C. 362, 166 S.E. 165; *In re Hubbard,* 201 N.C. 472, 160 S.E. 569." *Texas v. Rhoades,* 7 N.C. App. 388, 172 S.E. 2d 235.

Although this attempted appeal from a judgment rendered on a return to a writ of habeas corpus must be dismissed, we have con-sidered the record and brief as a petition for writ of certiorari. The only error assigned was to the entry of the judgment. The record supports the judgment. Answer to the inquiries made by counsel in his brief and oral argument may, we believe, be found in numerous decisions of the Supreme Court. See *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560; *Bell v. Smith,* 263 N.C. 814, 140 S.E. 2d 542; *State v. Sullivan,* 229 N.C. 251, 49 S.E. 2d 458.

Appeal dismissed.

Petition denied.

CAMPBELL and PARKER, JJ., concur.